GRIFFIN & VOSE, INC., v. NON-METALLIC MINERALS CORPORATION.

(Filed 26 September, 1945.)

**1. Parties §§ 7, 10: Corporations §§ 4b, 13b—**

Where an action, to compel defendant corporation to transfer to the plaintiff upon its books certain shares of stock which had been issued to one M and others, was based upon the allegation that these shares had been endorsed and transferred to plaintiff, which was denied in the answer and by affidavit of M, in support of a motion by the defendant that M and others claiming ownership of the stock be made parties, there was error in the denial of such motion, M and his associates having a right to be heard.

**2. Parties § 7—**

To entitle one to the benefits of G. S., 1-73, allowing new parties to be brought in, such additional parties must have a legal interest in the subject matter of the litigation; and the interest of a new party must be of such direct and immediate character that he will either gain or lose by the direct operation and effect of the judgment.

APPEAL by defendant from *Sink, J.,* at January Special Term, 1945, of YANCEY. New trial.

This was an action to require the defendant to transfer to the plaintiff on its stock book 4,000 shares of the preferred and 56,043 shares of the common stock of defendant corporation. It was alleged that these shares had been issued as follows: to J. A. Mayberry 4,000 shares preferred and 55,000 shares common; to Walter E. Laughridge 400 shares common; to A. N. Fuller 300 shares common; and to Walter G. Pippen 343 shares common. It was alleged that the certificates representing these shares had been endorsed and transferred to the plaintiff, and that the plaintiff was now the owner thereof.

The defendant denied that these shares had been transferred to the plaintiff, and denied that J. A. Mayberry and his associates to whom the shares had been issued had ever transferred them to the plaintiff or to any other person, and moved that these holders of the described shares be made parties to this action and permitted to file answer. In support of this motion defendant filed the affidavit of J. A. Mayberry to the effect that he and his named associates were the owners of the shares of stock referred to and set out in the complaint, and that they had not transferred them to the plaintiff. The applicants prayed that they be permitted to become parties to the action in order to defend their rights in the subject matter of the litigation.

The motion was denied, and exception was duly noted.

It appeared that J. A. Mayberry was the original owner of the land and mineral rights conveyed to defendant corporation, and that notes and stock of the corporation were issued to him in payment therefor. It was contended by plaintiff that Mayberry had borrowed from the plaintiff and assigned these notes and stock as security. Robert H. Griffin was Vice-President of plaintiff corporation and also President of defendant Non-Metallic Minerals Corporation. The evidence disclosed that the certificates for the 4,000 shares of preferred stock were not endorsed by Mayberry and were not in possession of plaintiff but in the possession of Mayberry.

The defendant offered no evidence.

Issue was submitted to the jury as to whether plaintiff was entitled to have the preferred and common stock set forth in the complaint transferred on the books of the defendant, and answered in favor of plaintiff.

From judgment on the verdict, defendant appealed, assigning errors.

*Watson & Fouts for plaintiff, appellee.*

*Charles Hutchins, W. C. Berry, C. P. Randolph, and Edgar C. Van Dyke for defendant, appellant.*

DEVIN, J.  There was error in denying the motion to make additional parties. This action, which was instituted to compel the defendant corporation to transfer to the plaintiff upon its books certain shares of stock which had been issued to J. A. Mayberry and others, was based upon the allegation that these shares had been endorsed and transferred to the plaintiff. This was denied in the answer, and in the affidavit of J. A. Mayberry filed in support of the motion. It was alleged that Mayberry and his associates were the owners of these shares and had not transferred them. Thus it appears that the real controversy was between plaintiff and Mayberry as to the ownership of the shares of stock claimed by plaintiff. On this issue Mayberry was entitled to be heard. He was a party to the transaction sued on, claimed a legal interest in the subject of the action, and his presence would seem to be necessary for a complete determination of the matter litigated. The court's ruling denied Mayberry opportunity to participate in the trial and to defend his asserted ownership of the stock.

It is provided by statute that "when a complete determination of the controversy cannot be had without the presence of other parties, the court must cause them to be brought in." G. S., 1-73. *McKeel v. Holloman*, 163 N. C., 132, 79 S. E., 445; McIntosh, 210. To entitle a party to the benefit of this statute he must have a legal interest in the subject matter of the litigation. As was said by *Justice Barnhill* in *Mullen v.*

*Louisburg, ante,* 53, "His interest must be of such direct and immediate character that he will either gain or lose by the direct operation and effect of the judgment." *Trust Co. v. Smith,* 266 U. S., 152; *Niles-Bement-Pond Co. v. Iron Moulders Union,* 254 U. S., 77; 39 A. J., 886. Here the judgment decreed the transfer to the plaintiff of shares of stock which Mayberry claims to own, some of which shares were admittedly in the possession of Mayberry and unendorsed.

The case of *Corbett v. Lumber Co.,* 223 N. C., 704, 28 S. E. (2d), 250, cited by plaintiff, is not helpful on this point. That case involved the legality of a stockholders' meeting. In *Holladay v. General Motors Corporation, ante,* 230, the corporation was enjoined from transferring plaintiff's stock to plaintiff's agent in violation of the terms of the agency. Both the agent and the corporation were made parties defendant. The appeal in that case was disposed of on a question of procedure, and is not here in point.

For the error in denying the motion for additional parties there must be a new trial. This disposition of the appeal renders unnecessary discussion of the other exceptions noted in the trial, as these may not arise on another hearing.

New trial.