THE NORTHWESTERN BANK, TRUSTEE OF INTER VIVOS TRUST CREATED BY REUBEN B. ROBERTSON, DECEASED, PETITIONER v. LOGAN T. ROBERTSON, INDIVIDUALLY AND AS EXECUTOR OF THE LAST WILL AND TESTAMENT OF REUBEN B. ROBERTSON, DECEASED; AMERETTE ROBBERTSON, A MINOR; LAURA LEE SAFFORD; RUFUS LASHER SAFFORD; RUFUS BRADFORD SAFFORD, A MINOR; GEORGE SCOTT SAFFORD, A MINOR; LILLIAN ROBERTSON SHINNICK; JOSEPH N. SHINNICK; ROBERTSON WILLIAM SHINNICK, A MINOR; LAURA ELIZABETH SHINNICK, A MINOR; LOGAN T. ROBERTSON, JR.; MARY NORBURN ROBERTSON; SCOTT A. ROBERTSON, A MINOR; ASHLEY NICHOLETTE ROBERTSON, A MINOR; HOPE T. NORBURN; RICHARD A. FARMER; LAURA LEE FARMER, A MINOR; CYNTHIA ANN FARMER, A MINOR; RICHARD R. FARMER, A MINOR; CHARLES R. NORBURN; RUSSELL L. NORBURN, JR.; HELEN H. NORBURN; ROBERT E. NORBURN, A MINOR; CHRISTOPHER S. NORBURN, A MINOR; REUBEN B. ROBERTSON III; DANIEL H. ROBERTSON; SARAH HOPE ROBERTSON, A MINOR; PETER T. ROBERTSON; MARGARET ROBERTSON WHITE LaFORCE; RICHARD LaFORCE, JR.; LAURENS T. WHITE, A MINOR; LOUISA H. ROBERTSON; GEORGE W. ROBERTSON; AND MAY HOLTZCLAW, RESPONDENTS

No. 7528SC55

(Filed 16 April 1975)

Rules of Civil Procedure § 24— auction sale — motion to enjoin conveyance — right of successful bidder to intervene

The successful bidder at an auction sale could intervene to contest a motion to enjoin conveyance of the property which was the subject of the auction sale. G.S. 1A-1, Rule 24.

APPEAL by prospective intervenors from McLean, Judge. Order entered 24 October 1974 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 20 March 1975.

This action originated on 4 May 1973 when the Northwestern Bank filed a petition for a declaratory judgment as to its rights and duties as trustee under an inter vivos trust created by Reuben B. Robertson. Respondents, some of them minors, were descendants of the settlor. Guardians ad litem were duly appointed. On 20 September 1974 a consent order was entered permitting the bank, as empowered and authorized by the trust instruments, to sell trust assets known as the "Doctor's Park" condominium complex. On 21 September 1974 the property was sold at public auction for $364,000.00 to Steven I. Goldstein, agent.

On 11 October 1974 certain respondents moved to enjoin the sale, alleging that the price was inadequate. Goldstein moved on 17 October 1974 to intervene in opposition to the injunction. Also on 17 October 1974 Victor W. Buchanan requested permission to withdraw as guardian ad litem for two minor respondents because of a possible future conflict of interest. Hearing these three matters on 17 October 1974, the court found that Goldstein and Buchanan were members of the same law firm, and concluded that a conflict of interest existed and that Goldstein's bid was unlawful and improper. On 24 October 1974 the court entered an order which allowed Buchanan to withdraw as guardian ad litem, denied Goldstein's motion to intervene, declared the auction sale null and void, and ordered the trustee not to issue any deed pursuant to the sale. Also on 24 October 1974 the court heard and denied in a separate order the motion of John W. Girard to intervene as one of Goldstein's principals and the real purchaser at the sale. The petitioner bank and prospective intervenors Goldstein and Girard appealed. The bank later withdrew its appeal.

*Morris, Golding, Blue & Phillips, by William C. Morris, and Bennett, Kelly & Cagle, P.A., by E. Glenn Kelly, for prospective intervenor appellants.*

*Walter L. Currie for respondent appellees Logan T. Robertson, Jr., and Mary Norburn Robertson.*

*Roberts and Cogburn, by Max O. Cogburn, for respondent appellees Scott A. Robertson and Ashley Nicholette Robertson.*

*Van Winkle, Buck, Wall, Starnes, Hyde and Davis, P.A., by O. E. Starnes, Jr., for respondent appellees Reuben B. Robertson III, Clark Norburn, et al.*

*Fairley, Hamrick, Monteith & Cobb, by James D. Monteith, for respondent appellee Amerette Robertson.*

ARNOLD, Judge.

The only question presented by this appeal is whether the successful bidder at an auction sale may intervene to contest a motion to enjoin conveyance of the property which was the subject of the auction sale. We answer that question "yes".

As the purported purchasers of the property in question the appellants are entitled to intervene under G.S. 1A-1, Rule 24, which provides in part:

"(a) *Intervention of right.*—Upon timely application anyone shall be permitted to intervene in an action:

.  .  .  .

(2) When the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

The North Carolina Supreme Court has said that additional parties must have a legal interest in the subject matter of the litigation of such direct and immediate character that they will gain or lose by direct operation of the judgment. *Griffin & Vose, Inc. v. Minerals Corp.*, 225 N.C. 434, 35 S.E. 2d 247 (1945). *See also Strickland v. Hughes,* 273 N.C. 481, 160 S.E. 2d 313 (1968) ; 1 McIntosh, N. C. Practice 2d, § 724 (Phillips Supp. 1970). In the case at bar, appellants' bid was accepted by the auctioneer and they entered into a contract with the trustee. Having an interest in both the property and the transaction, they were certain to be affected by a proceeding to enjoin the trustee from executing the deed. *Cf. Keathly v. Branch,* 84 N.C. 202 (1881). *See also Construction Co. v. Board of Education,* 278 N.C. 633, 180 S.E. 2d 818 (1971), where it was held that the successful bidder on a construction contract was a necessary party under Rule 19(a) in a proceeding by an unsuccessful bidder for a declaratory judgment that the contract award was invalid.

Appellees contend that both motions to intervene were not timely made and that Girard's motion was not accompanied by a pleading as required by Rule 24(c). Goldstein's motion, made before the hearing on respondents' motion for preliminary injunction, was not untimely under the circumstances. As for

Girard, his interest is so closely related to that of Goldstein as to require that both become parties.

Without expressing any opinion as to the merits involved in this case the order of the trial court is vacated and the matter is remanded so that both appellants may be made parties to the proceeding.

Error and remanded.

Chief Judge BROCK and Judge PARKER concur.