ELLEN S. ELLIS (Widow) Plaintiff Appellee v. HILLIARD RAY ELLIS
(Single); MARY ELIZABETH ELLIS RHODES and husband, THOMAS
LAWRENCE RHODES; BOBBY RICHARD GLOSSON and RICHARD
LAWSON MAGUIRE Defendants and ANNIE BELLE ELLIS CURRIE and
husband, CAREY L. CURRIE; MARTHA DALE ELLIS GLOSSON; and
FRANCES MILDRED ELLIS MAGUIRE Applicant Appellants

No. 7714SC950

(Filed 19 September 1978)

Rules of Civil Procedure § 24— action to quiet title—no intervention as matter of
    right or by permission

> In an action to quiet title to a homeplace brought by plaintiff mother
> against her children and their spouses who refused to execute a quitclaim deed
> to her for the homeplace, applicant-intervenors, who were children and their
> spouses who had executed the quitclaim deed to plaintiff, were not entitled to
> intervene as a matter of right pursuant to G.S. 1A-1, Rule 24(a)(2), since they
> did not have an interest in the subject matter of this action, their interest be-
> ing to have their quitclaim deed set aside; moreover, the trial court did not
> abuse its discretion in denying applicant-intervenors permission to intervene
> pursuant to G.S. 1A-1, Rule 24(b)(2).

APPEAL by applicant-intervenors from *Hobgood* and *Lee,*
*Judges.* Orders entered 26 August 1977 and 23 September 1977 in
Superior Court, DURHAM County. Heard in the Court of Appeals
24 August 1978.

Plaintiff Ellen Ellis lived with her husband, Clyde Ellis, on
their homeplace owned solely by the husband. On 10 June 1972,
the husband executed a power of attorney naming his wife
attorney-in-fact for him. On 28 July 1972, plaintiff, acting pursuant
to the power of attorney, executed a deed to herself and her hus-
band in order to create a tenancy by the entirety in the
homeplace. Thereafter, the husband died, and the plaintiff claimed
the homeplace.

Plaintiff desired as a precaution to have her children and
their spouses execute a quitclaim deed to her for the homeplace.
Some of the children and spouses executed the requested
quitclaim deed and some refused. Plaintiff instituted the present
civil action against her children and their spouses who refused to
execute the quitclaim deed seeking to quiet her title to the
homeplace. Defendants answered and asserted as further
defenses that their father, Clyde Ellis, was incompetent and could

not execute a valid power of attorney to the plaintiff; the deed by which the tenancy by the entirety had been created should be set aside on several grounds; and that a constructive trust should be declared in the property in favor of the defendants as their interest would appear under the Intestate Succession Act. The parties held a pre-trial conference on 21 April 1977.

On 17 June 1977, some (but not all) of the children and spouses who had signed the quitclaim deed moved to intervene. Along with their motion, they filed an answer in which they adopted defendants' further defenses and also asserted that the quitclaim deed which they executed to plaintiff should be set aside since their signatures on it had been obtained by fraud, the deed was without consideration, and the acknowledgment by the notary public was improper. Judge Hobgood entered an order denying the motion to intervene. Judge Lee denied the intervenors' motion for findings of fact. Applicant-intervenors appealed.

*Kenneth C. Titus, for applicant-intervenors appellants.*

*W. Y. Manson and Lucy D. Strickland, for plaintiff appellee.*

*Felix B. Clayton, for defendant appellees.*

ERWIN, Judge.

The first question presented by this appeal is whether the trial court erred in denying applicant-appellants' motion to intervene. We find no error in the order entered by Judge Hobgood.

G.S. 1A-1, Rule 24, provides in part:

(a) *Intervention of right.* — Upon timely application anyone shall be permitted to intervene in an action:

    (1) When a statute confers an unconditional right to intervene; or

    (2) When the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest,

unless the applicant's interest is adequately represented by existing parties.

(b) *Permissive intervention.* — Upon timely application anyone may be permitted to intervene in an action.

> (1) When a statute confers a conditional right to intervene; or
>
> (2) When an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or State governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, such officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

The applicant-intervenors moved under Rule 24 to intervene in this civil action. In their brief, they contend that they are entitled to intervene as a matter of right pursuant to Rule 24(a)(2) of the Rules of Civil Procedure. Rule 24(a)(2) requires three prerequisites to non-statutory intervention as a matter of right: (1) an interest relating to the property or transaction; (2) practical impairment of the protection of that interest; and (3) inadequate representation of that interest by existing parties.

Plaintiff in her action proposes to remove a cloud upon her title against some of her children and their spouses, who failed to execute a quitclaim deed to her for the homeplace, which plaintiff acquired by deed. The deed was executed by her as attorney-in-fact for her husband to her husband and herself as tenants by the entirety. The husband is now deceased, and plaintiff claims the entire tract as her sole property. The applicant-intervenors allege that "[p]laintiff claims title through a power of attorney, deed executed by the attorney in fact, and a quitclaim deed signed by intervenors." Applicant-intervenors propose to have their deed to the plaintiff for the real property in question set aside on three grounds:

---

Ellis v. Ellis

---

"1. The signatures of intervenors on the quitclaim deed were fraudulently induced through representations by the plaintiff that the deed was for the eleven acres of the property to be sold to a church, which plaintiff knew at the time to be untrue. . . .

2. The quitclaim deed transfer was without good and valid consideration.

3. The acknowledgment of the signatures by a notary public was improper as the deed was signed outside of the notary's presence and none of the intervenors acknowledged to the notary that the signature was his own."

To us, the intervenors have apparently conveyed their interest in the real property in question to the plaintiff. This being true, we hold that applicant-intervenors do not meet the requirements of Rule 24(a)(2). They do not have an interest in the subject matter of this action. The relief sought by the applicant-intervenors is to have their deed set aside. We concede that the deed relates to the same property in question, but it relates to a different transaction than those complained of by the plaintiff. *See Bank v. Robertson,* 25 N.C. App. 424, 213 S.E. 2d 363 (1975).

Now we must scrutinize the trial court's use of its discretion in denying the applicant-intervenors' motion to intervene under Rule 24(b)(2), "Permissive Intervention." The Court's discretion in this regard is not reviewable in the absence of a showing of abuse. The trial court entered its order which reads in part as follows:

"AND IT FURTHER APPEARING TO THE COURT, after hearing arguments of all counsel, that the ends of justice would not be met by allowing the Motion to Intervene and that same should be denied.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the above said Motion to Intervene is not allowed and the same is hereby dismissed, this 26 day of August, 1977."

"With only minor exceptions, Federal Rule 24 and North Carolina Rule 24 are substantially the same. Where the phrase 'Statute of the United States' appears in the Federal Rule, the word 'statute' is used in the North Carolina Rule." Shuford, N.C. Civil Practice and Procedure, § 24-1, p. 206.

The United States Court of Appeals, Fifth Circuit, held as follows in *Weiser v. White*, 505 F. 2d 912, 917 (5th Cir. 1975), *cert. denied*, 421 U.S. 993 (1975):

"Ordinarily, in the absence of an abuse of discretion, no appeal lies from an order denying leave to intervene where intervention is a permissive matter within the discretion of the court. *United States v. California Co-op. Canneries*, 279 U.S. 553, 556, 49 S.Ct. 423, 424, 73 L.Ed. 838. The permissive nature of such intervention necessarily implies that, if intervention is denied, the applicant is not legally bound or prejudiced by any judgment that might be entered in the case. He is at liberty to assert and protect his interest in some more appropriate proceeding. Having no adverse effect upon the applicant, the order denying intervention accordingly falls below the level of appealability. . . ."

We have not found any cases on point from this Court or our Supreme Court decided since the effective date of the North Carolina Rules of Civil Procedure; however, *Strickland v. Hughes*, 273 N.C. 481, 485, 160 S.E. 2d 313, 316 (1968), (decided after our Rules were adopted but before their effective date) held: "It is ordinarily within the discretion of the court to permit proper parties to intervene. *Childers v. Powell*, 243 N.C. 711, 92 S.E. 2d 65."

The record before us does not reveal that the trial judge abused his discretion. We note that the pre-trial order had been entered prior to the motion to intervene.

In summary, we hold that: (1) the applicant-intervenors were not entitled to intervene pursuant to Rule 24(a)(2) as a matter of right; (2) the trial court did not abuse its discretion in denying applicant-intervenors permission to intervene pursuant to Rule 24(b)(2); and (3) better practice would require applicant-intervenors to specify the section of Rule 24 they wished to proceed under.

In view of our holding above, we deem it unnecessary to consider applicant-intervenors' assignment of error Number 2. The orders appealed from are

Affirmed.

Judges PARKER and CLARK concur.