SANDRA JEAN HILL, Petitioner v. ROBERT WEST HILL, Respondent

No. COA95-202

(Filed 6 February 1996)

**Parent and Child § 110 (NCI4th)— proceeding to terminate parental rights—denial of DSS motion to intervene of right—error**

    The trial court erred by denying DSS's motion to intervene of right in a mother's action to terminate the father's parental rights, since the mother received AFDC benefits; she partially assigned her right to any child support owed for the child to DSS; DSS's status as assignee gave it a direct interest in the termination proceeding which would be forever impaired absent its ability to intervene pursuant to N.C.G.S. § 1A-1, Rule 24(a)(2); and DSS's interests were not adequately protected by the existing parties in the termination proceeding.

      **Am Jur 2d, Parties §§ 124, 133-142, 151.**

      **Time within which right to intervene may be exercised. 37 ALR2d 1306.**

      **Propriety of consideration of, and disposition as to, third person's property claims in divorce litigation. 63 ALR3d 373.**

Appeal by Lenoir County Department of Social Services from orders entered 18 April 1994 by Judge Joseph E. Setzer in Lenoir County District Court. Heard in the Court of Appeals 9 January 1996.

*No brief for petitioner-appellee.*

*No brief for respondent.*

*Whitley, Jenkins & Associates, by Eugene G. Jenkins, for movant-appellant.*

MARTIN, Mark D., Judge.

Lenoir County Department of Social Services (DSS) appeals from orders denying its verified motion to intervene and terminating Robert Hill's parental rights.

**HILL v. HILL**

[121 N.C. App. 510 (1996)]

Michael Hill (child) was born into the marriage of Robert and Sandra Hill. The child lives with his mother. Since the child's birth on 2 July 1993, the father has not contributed to the financial support of the child or otherwise displayed any parental interest in the child. The mother applied for Aid to Families with Dependent Children (AFDC) and received AFDC on behalf of the child.

On 22 February 1994 the mother filed a petition to terminate the parental rights of Mr. Hill. Mr. Hill did not file an answer to the petition.

On 4 April 1994 DSS filed a motion to intervene in the termination action. In its verified motion DSS set forth its claim for reimbursement of child support expenditures from Mr. Hill. Prior to the filing of the instant petition, DSS had previously filed a civil action against the father seeking: (1) to recover AFDC benefits expended in the care of the child; and (2) to obtain an order of support for future payment.

On 18 April 1994 the trial court denied DSS' motion to intervene and terminated Mr. Hill's parental rights.

On appeal DSS contends the trial court erred by denying its motion to intervene of right in the action to terminate Mr. Hill's parental rights. We agree.

DSS claims it was entitled to intervene in the termination proceeding pursuant to N.C.R. Civ. P. 24(a)(2), which permits intervention of right:

> When the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

N.C. Gen. Stat. § 1A-1, Rule 24(a)(2) (1990).

The prospective intervenor must establish the following prerequisites for non-statutory intervention of right: "(1) an interest relating to the property or transaction; (2) practical impairment of the protection of that interest; and (3) inadequate representation of that interest by existing parties." *Ellis v. Ellis*, 38 N.C. App. 81, 83, 247 S.E.2d 274, 276 (1978). Intervention of right is an absolute right and denial of that right is reversible error, regardless of the trial court's findings. *Strickland v. Hughes*, 273 N.C. 481, 485, 160 S.E.2d 313, 316 (1968) (decision under precursor to N.C.R. Civ. P. 24(a)(2), N.C. Gen. Stat. § 1-73).

To satisfy the first and second elements, DSS must establish it had an interest in the outcome of the termination proceeding and the practical impairment of that interest. DSS' interest " 'must be of such direct and immediate character that [it] will either gain or lose by the direct operation and effect of the judgment . . . .' " *River Birch Associates v. City of Raleigh*, 326 N.C. 100, 128, 388 S.E.2d 538, 554 (1990) (quoting *Strickland v. Hughes*, 273 N.C. at 485, 160 S.E.2d at 316).

In the instant case, because the mother received AFDC benefits, she partially assigned her right "to any child support owed for the child" to DSS. *See* N.C. Gen. Stat. § 110-137 (1995); *State ex rel. Crews v. Parker*, 319 N.C. 354, 357-359, 354 S.E.2d 501, 504-505 (1987). Prior to the filing of the instant petition, DSS had already pursued its rights as assignee by filing an action against Mr. Hill to recover AFDC benefits expended on behalf of the child. Because of the trial court's subsequent termination of Mr. Hill's parental rights, however, DSS has forever lost its right to recover AFDC benefits expended on behalf of the child from the date of the order until the child reaches the age of majority. Accordingly, we believe DSS' status as assignee gives it a direct interest in the termination proceeding which will be forever impaired absent its ability to intervene under N.C.R. Civ. P. 24(a)(2).

In *Crews* the Supreme Court determined an AFDC recipient could intervene of right in a proceeding to collect child support instituted by the Pender County Child Support Enforcement Agency (Pender CSEA) where the recipient sought to recover monies expended prior to the receipt of AFDC. *Id.* at 355, 354 S.E.2d at 503. Although the recipient had assigned her right to recover child support to Pender CSEA, and could have instituted a separate action to recover the previous non-AFDC child support, the Supreme Court concluded the recipient could intervene of right in the pending proceeding. *Id.* at 360-361, 354 S.E.2d at 505.

DSS' need to intervene in the instant termination proceeding appears even more compelling than in *Crews*. Put simply, the trial court's order in the present case forever precludes DSS from recovering AFDC benefits expended after the date of the order. Therefore, like *Crews*, we believe DSS has a direct interest in the termination proceeding which will be practically impaired absent its ability to intervene under N.C.R. Civ. P. 24(a)(2).

To intervene of right DSS must also establish its interests are not adequately represented by existing parties. *Ellis*, 38 N.C. App. at 83,

247 S.E.2d at 276. We note Mr. Hill did not file an answer and, other than having counsel appear on his behalf at the hearing below, has not otherwise contested the petition. Likewise, as the mother will continue to receive AFDC regardless of whether the father's parental rights are terminated, she may not be in a position to adequately protect DSS' interests, on behalf of the public-at-large, of ensuring child support is recovered from the child's father. We therefore conclude DSS' interests are not adequately protected by the existing parties in the present proceeding.

Consequently, we conclude the trial court erred by denying DSS' motion to intervene of right pursuant to Rule 24(a)(2). Accordingly, we reverse the trial court's order denying DSS' motion to intervene, vacate the trial court's order terminating Robert Hill's parental rights, and remand for entry of an order granting DSS' motion to intervene and a new hearing to be held at which time all parties, including DSS, should be afforded an opportunity to present evidence and otherwise be heard on the petition for termination of parental rights.

Reversed in part, vacated in part, and remanded.

Judges EAGLES and MARTIN, John C., concur.