UNITED SERVICES AUTOMOBILE ASSOCIATION, Plaintiff-Appellee v. BILLY G. SIMPSON AND ANNABELLE SIMPSON, Defendants-Appellants

No. COA96-636

(Filed 3 June 1997)

**1. Appeal and Error § 132 (NCI4th)— declaratory judgment— insurance coverage—denial of motion to intervene—immediate appeal**

An interlocutory order denying a motion by a physician and his family (the Kaplans) who were the victims of residential anti-abortion picketing to intervene in an action to determine whether homeowners and umbrella policies issued to defendants provided coverage for tort claims asserted by the Kaplans against defendants affects substantial rights of the Kaplans and is immediately appealable.

**Am Jur 2d, Appellate Review §§ 152 et seq.**

**Appealability of order granting or denying right of intervention. 15 ALR2d 336.**

**2. Parties § 57 (NCI4th)— declaratory judgment—insurance coverage—tort action—intervention by injured parties**

A physician and his family (the Kaplans) who were the victims of residential anti-abortion picketing had a right under N.C.G.S. § 1A-1, Rule 24 to intervene in a declaratory judgment action to determine whether homeowners and umbrella policies issued by plaintiff insurer to defendants provided coverage for tort claims asserted by the Kaplans against defendants arising out of the picketing since (1) the Kaplans are third-party beneficiaries of the insurance contracts and have a significantly protectable interest in the subject matter of the action; (2) that interest may be impaired by the disposition of the declaratory judgment action; and (3) the present litigants do not adequately represent the Kaplans' interests.

**Am Jur 2d, Parties §§ 133 et seq.**

**3. Venue § 23 (NCI4th)— change of venue—denial of motion—abuse of discretion**

The trial court abused its discretion by denying a motion for a change of venue from Forsyth County to Guilford County in a declaratory judgment action to determine whether insurance

UNITED SERVICES AUTOMOBILE ASSN. v. SIMPSON

[126 N.C. App. 393 (1997)]

policies issued by plaintiff insurer to defendants covered tort claims against defendants arising out of residential anti-abortion picketing where the intervenors, defendants, and the majority of non-party witnesses reside in Guilford County; the only connection between the action and Forsyth County is that the insurer's attorneys maintain their offices there; and the underlying tort action has been designated an exceptional case and will be tried in Guilford County. N.C.G.S. § 1-83.

**Am Jur 2d, Venue §§ 68-73.**

**Construction and effect of statutory provision for change of venue for the promotion of the convenience of witnesses and the ends of justice. 74 ALR2d 16.**

Appeal by movant-intervenors and defendants from orders entered 28 February 1996 by Judge R.G. Walker, Jr., in Forsyth County Superior Court. Heard in the Court of Appeals 18 February 1997.

*Petree Stockton, L.L.P., by James H. Kelly, Jr., and Susan H. Boyles, for plaintiff appellee.*

*Gordon & Nesbit, P.L.L.C., by Thomas L. Nesbit, for defendant appellants.*

*Smith Helms Mulliss & Moore, L.L.P., by Alan W. Duncan, Matthew W. Sawchak and Shannon R. Joseph, for movant appellants.*

COZORT, Judge.

This case presents two issues for determination: (1) Did the trial court err by denying a motion to intervene, in a declaratory judgment insurance coverage action, with such motion being filed by the plaintiff in the underlying tort action; and (2) Did the trial court err by denying a motion to transfer venue to the county where the underlying tort action is pending. We find the trial court erred in both rulings.

This case arises from an action filed in 1992 in Guilford County Superior Court, wherein Richard Kaplan, a medical doctor, his wife, Marguerite Kaplan, and their children sued the Prolife Action League of Greensboro and its members for picketing the family's residence and Doctor Kaplan's place of business. The action is still pending in

Guilford County Superior Court and is entitled *Kaplan v. Prolife Action League of Greensboro, et al.*, 92 CVS 3228 (the underlying action). The complaint sets forth claims for private nuisance *per accidens*, public nuisance, intentional infliction of emotional distress, invasion of privacy, violations of the North Carolina Racketeer-Influenced and Corrupt Organizations Act (RICO), interference with civil rights, and negligent infliction of emotion distress. On 8 June 1994, the Chief Justice of the Supreme Court of North Carolina designated the underlying case an exceptional case under Rule 2.1 of the General Rules of Practice for the Superior and District Courts, assigning Resident Superior Court Judge Thomas W. Ross to "attend to such . . . business as may be necessary and proper for the orderly disposition of the case(s) . . . ."

Plaintiff, United Service Automobile Association (USAA), filed the present action seeking a declaratory judgment that its homeowners and umbrella insurance policies issued to defendants Simpson did not provide coverage for any of the tort claims asserted against the Simpsons by the Kaplans in the underlying action. The Kaplans filed a motion to intervene in plaintiff's declaratory judgment action as a matter of right pursuant to N.C. Gen. Stat. § 1A-1, Rule 24(a)(2) (1990), or, alternatively, for leave to intervene pursuant to N.C. Gen. Stat. § 1A-1, Rule 24(b)(2) (1990). The Kaplans and defendants Simpson also moved to transfer venue to Guilford County. The trial court denied the motion to intervene and the motions to transfer venue. From these orders the Kaplans and defendants Simpson appeal.

**[1]** The trial court's order denying the Kaplans' motion to intervene is interlocutory, as it has not determined the entire controversy among all of the parties. *Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381, *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950). Although an interlocutory order is generally not immediately appealable, immediate appellate review is permitted pursuant to N.C. Gen. Stat. § 1-277 (1996) and N.C. Gen. Stat. § 7A-27(d) (1995), if the order adversely affects a substantial right which appellant may lose if not granted an appeal before final judgment. *Waters v. Personnel, Inc.*, 294 N.C. 200, 207, 240 S.E.2d 338, 343 (1978). Applying this test to the present case, we conclude that the order affects the Kaplans' substantial rights and, consequently, the appeal is properly before us.

**[2]** The first issue on appeal is whether the trial court erred in denying the Kaplans' motion to intervene in the declaratory judgment

action, both as a matter of right pursuant to N.C. Gen. Stat. § 1A-1, Rule 24(a)(2), and permissively pursuant to N.C. Gen. Stat. § 1A-1, Rule 24(b)(2). The Kaplans contend they have an interest in whether the policies issued by USAA to defendants Simpson provide coverage for the claims asserted against the Simpsons by the Kaplans in the underlying action. We agree and hold that the Kaplans are entitled to intervene in the declaratory judgment action as a matter of right.

Initially, we recognize that this precise issue was presented to a panel of this Court in *State Auto Ins. Companies v. McClamroch*, 124 N.C. App. 461, 477 S.E.2d 703 (1996), an unpublished opinion pursuant to N.C.R. App. P. 30(e). Rule 30(e)(3) provides: "A decision without a published opinion is authority only in the case in which such decision is rendered and should not be cited in any other case in any court for any purpose, nor should any court consider any such decision for any purpose except in the case in which such decision is rendered." Therefore, the decision in *McClamroch* established no precedent and is not binding authority. Further, because we are not bound by the holding in *McClamroch*, the decision we make in the present case does not contravene the rule set forth in *In The Matter Of Appeal From Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). "Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court." *Id.* Nonetheless, we do not lightly disagree with another panel of this Court. For reasons which follow, however, we believe a different result is justified here.

In *McClamroch* the Kaplans filed a motion to intervene in State Auto's declaratory judgment action. The Kaplans argued that they had an interest in whether the policy issued by State Auto provided coverage to defendants McClamroch for the claims asserted against the McClamrochs by the Kaplans in the underlying action. This Court, relying on *Strickland v. Hughes*, 273 N.C. 481, 160 S.E.2d 313 (1968), affirmed the trial court's order denying the Kaplans' motion to intervene, holding the Kaplans had not recovered a judgment in the underlying action, and any interest they may have had in the subject matter of the litigation was "indirect, consequential and contingent." We disagree. *Strickland* was decided by interpreting old N.C. Gen. Stat. § 1-73 (1953), entitled "New parties by order of court," a section of the civil procedure code which was repealed effective with the enactment of the Rules of Civil Procedure in 1967. We believe a more current approach to rights of intervention under N.C. Gen. Stat. § 1A-1,

Rule 24, is found in the reasoning of the Fourth Circuit Court of Appeals in *Teague v. Bakker*, 931 F.2d 259 (4th Cir. 1991).

The facts in *Teague* are similar to the facts in the present case. In *Teague*, the insurer, Employers Reinsurance Corporation (ERC), sued its insureds (James Bakker, David Taggart and Aimee Cortese), who were associated with the "PTL" organization, seeking a declaration that ERC had no obligation to pay claims asserted against the insureds in the underlying class action lawsuit. *Id.* at 259-60. The plaintiffs in the underlying action, who had filed a suit against Bakker, Taggart and Cortese, filed a motion to intervene. *Id.* at 260. The Fourth Circuit held that the movants stood "to gain or lose by the direct legal operation of the district court's judgment on [the insurer's] complaint" because the insurer was asking the court to declare that it had no obligation regarding the underlying litigation. *Id.* at 261.

Like the Kaplans, the *Teague* appellants sought to intervene in a coverage dispute between an insurer and its insured because the outcome of the declaratory judgment action would affect any judgments the *Teague* appellants might recover in their fraud claims against the insured. The United States Court of Appeals for the Fourth Circuit held that an interest contingent upon the outcome of other pending litigation constituted a "significantly protectable interest," satisfying the requirements of Fed. R. Civ. P. 24(a). *Teague*, 931 F.2d at 261.

N.C. Gen. Stat. § 1A-1, Rule 24 provides:

(a) *Intervention of right.*—Upon timely application anyone shall be permitted to intervene in an action:

(1) When a statute confers an unconditional right to intervene; or

(2) When the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The three prerequisites to non-statutory intervention as a matter of right pursuant to Rule 24 are "(1) an interest relating to the property or transaction; (2) practical impairment of the protection of that

interest; and (3) inadequate representation of that interest by existing parties." *Ellis v. Ellis*, 38 N.C. App. 81, 83, 247 S.E.2d 274, 276 (1978); *State ex rel. Long v. Interstate Casualty Ins. Co.*, 106 N.C. App. 470, 473, 417 S.E.2d 296, 299 (1992). We hold that the Kaplans meet all three of the prerequisites of Rule 24.

First, the Kaplans have a legal interest in the subject matter of USAA's declaratory judgment action. USAA has sought declaration of the following:

> 1.  That the homeowners policy issued by USAA does not provide a duty to defend or a duty to cover the defendant Annabelle Simpson on the claims arising out of <u>Kaplan v. Pro-Life Action League of Greensboro, et al.</u>; and

> 2.  That the personal umbrella policy issued by USAA does not provide a duty to defend or to cover the defendant Annabelle Simpson in the claims arising out of <u>Kaplan v. Pro-Life Action League of Greensboro, et al.</u>; and

> 3.  That the policies issued by USAA do not provide coverage for settlement or possible judgment arising out of <u>Kaplan v. Pro-Life Action League of Greensboro, et al.</u>; and

> 4.  That USAA be relieved of any further duty to defend, and be allowed to withdraw its defense of Annabelle Simpson in the case of <u>Kaplan v. Pro-Life Action League of Greensboro, et al.</u> . . .

The record reflects that when the Kaplans' motion to intervene was heard by the trial court, their claims against defendants Simpson in the underlying action had not been reduced to judgment. However, the Kaplans stand to gain or lose by the direct legal operation of the trial court's judgment on USAA's complaint. This Court has held that, "[t]he injured party in an automobile accident is an intended third-party beneficiary to the insurance contract between insurer and the tortfeasor/insured party." *Murray v. Nationwide Mut. Ins. Co.*, 123 N.C. App. 1, 15, 472 S.E.2d 358, 366 (1996) (citing *Lavender v. State Farm Mut. Auto. Ins. Co.*, 117 N.C. App. 135, 136, 450 S.E.2d 34, 35 (1994), *disc. review denied*, 339 N.C. 613, 454 S.E.2d 253 (1995), *disc. review denied*, 345 N.C. 344, 483 S.E.2d 172, and 345 N.C. 344, 483 S.E.2d 173 (1997). Likewise, in the present case, the Kaplans are third-party beneficiaries to the insurance contract between USAA and the Simpsons. A determination by the trial court regarding USAA's liability under the homeowners and umbrella policies will directly affect the Kaplans' ability to recover. Therefore, as third-

party beneficiaries to the insurance contract, the Kaplans have a significantly protectable interest as required by *Teague.*

As to the second requirement for intervention as a matter of right, we hold that the Kaplans' ability to protect their interest would be impaired or impeded by the disposition of the USAA action. If USAA prevails in this action, the Kaplans would have to satisfy their judgment from other assets of the insureds and the existence and amount of such assets are questionable.

Finally, the Kaplans have demonstrated that the present litigants fail to adequately represent their interests. The Simpsons are fundamentally opposed to the Kaplans' position in the underlying litigation. The Simpsons could settle with USAA to the disadvantage of the Kaplans, leaving them to satisfy their judgment from the Simpsons' assets. The existence and amount of such assets remain questionable. Therefore, as to the issue of intervention, we hold the trial court erred by denying the Kaplans' motion to intervene.

[3] In the second issue before us, the Kaplans and defendants Simpson assign error to the trial court's denial of the motion for change of venue. We hold the trial court abused its discretion and find the motion for change of venue should have been granted.

N.C. Gen. Stat. § 1-83 (1996) provides in pertinent part:

> If the county designated for that purpose in the summons and complaint is not the proper one, the action may, however, be tried therein, unless the defendant, before the time of answering expires, demands in writing that the trial be conducted in the proper county, and the place of trial is thereupon changed by consent of parties, or by order of the court.

> The court may change the place of trial in the following cases:

>> (1) When the county designated for that purpose is not the proper one.

>> (2) When the convenience of witnesses and the ends of justice would be promoted by the change.

Thus, " '[t]he trial court may change the place of trial . . . [w]hen the convenience of witnesses and the ends of justice would be promoted by the change.' " *Roanoke Properties v. Spruill Oil Co.*, 110 N.C. App. 443, 447, 429 S.E.2d 752, 754 (1993). However, the court's refusal to

UNITED SERVICES AUTOMOBILE ASSN. v. SIMPSON

[126 N.C. App. 393 (1997)]

do so will not be disturbed absent a showing that the court abused its discretion. *Id.* (citing *Godley Constr. Co. v. McDaniel*, 40 N.C. App. 605, 607, 253 S.E.2d 359, 361 (1979)). The trial court does not manifestly abuse its discretion in refusing to change the venue for trial of an action pursuant to subdivision (2) of this section unless it appears from the matters and things in evidence before the trial court that the ends of justice will not merely be promoted by, but in addition demand, the change of venue, or that failure to grant the change of venue will deny the movant a fair trial. *Smith v. Mariner*, 77 N.C. App. 589, 591, 335 S.E.2d 530, 532 (1985), *disc. review denied*, 315 N.C. 590, 341 S.E.2d 29 (1986).

In considering the trial court's ruling on the motion for change of venue, we are not unmindful of the reluctance of appellate courts, including this Court, to hold that a trial court abused its discretion. *Worthington v. Bynum*, 305 N.C. 478, 482-85, 290 S.E.2d 599, 603-04 (1982). When justice demands, however, we should not hesitate to find that a trial court erred in making a discretionary ruling. *See, e.g.,* *State v. Bass*, 121 N.C. App. 306, 313, 465 S.E.2d 334, 338 (1996); and *Gardner v. Harriss*, 122 N.C. App. 697, 700, 471 S.E.2d 447, 450 (1996).

In resolving this issue here, we do not set forth a "bright line" rule or test for determination of whether a trial court has abused its discretion in denying a motion to change venue. Rather, the determination of whether a trial court has abused its discretion is a case-by-case determination based on the totality of facts and circumstances in each case. The facts and circumstances in the present case show that the Kaplans, defendants, and the majority of non-party witnesses reside in Guilford County. Plaintiff USAA's business activities in Forsyth County have no connection to the underlying action or the present coverage action and USAA has no employees residing in Forsyth County. Also, the Chief Justice of the North Carolina Supreme Court designated *Kaplan v. Prolife Action League* an exceptional case and assigned the Honorable Thomas W. Ross "to hold such sessions of court as may be set and to attend to such in-chambers matters and other business as may be necessary and proper for the orderly disposition" of *Kaplan v. Prolife Action League*. The record reveals only one connection between this action and Forsyth County: the attorneys for plaintiff insurance company maintain their offices in Winston-Salem, North Carolina. Given that the underlying action in this case is designated exceptional and all interested parties and a majority of non-party witnesses reside in

IN RE DOE

[126 N.C. App. 401 (1997)]

Guilford County, we are persuaded that the trial court abused its discretion in denying the motion for change of venue. The ends of justice will be promoted by, and in addition demand, that the motion for change of venue should have been granted, so that the superior court judge designated by the Chief Justice can hear all issues arising from and relating to *Kaplan v. Prolife Action League, et al.*

In summary, the trial court is reversed, and the cause is remanded to the Superior Court of Forsyth County for entry of an order allowing the Kaplans to intervene and entry of an order transferring venue to Guilford County.

Reversed and remanded.

Judges EAGLES and LEWIS concur.