931 F.2d 259
 19 Fed.R.Serv.3d 811
 Joseph W. TEAGUE; Helen B. Teague; Steven Allen Barker;
Rita Strahowski; Swannee Beck, Lifetime Partners of PTL, as
representatives of a nationwide class consisting of 160,904
Lifetime Partners and of 29,805 persons who have partially
paid for Lifetime Partnerships, Appellants,
Employers Reinsurance Corporation, Plaintiff-Appellee,
v.
James O. BAKKER; David A. Taggart; Aimee Cortese, Defendants.
 No. 90-1524.
 United States Court of Appeals,
Fourth Circuit.
 Argued March 5, 1991.
Decided April 25, 1991.
 
 Wendell R. Bird, Law Offices of Wendell R. Bird, argued, Atlanta, Ga. (David J. Myers, Law Offices of Wendell R. Bird, Atlanta, Ga., Thomas T. Anderson, Samuel F. Trussell, William F. Fawcett, Jr., Thomas T. Anderson & Associates, Indio, Cal., Jonathan Wallas, Ferguson, Stein, Watt, Wallas, Adkins & Gresham, Charlotte, N.C., on the brief), for appellants.
 Charles E. Nichols, Jr., Manning, Fulton & Skinner, argued, Raleigh, N.C. (Michael T. Medford, Manning, Fulton & Skinner, Raleigh, N.C., on the brief), for plaintiff-appellee.
 Before WIDENER and CHAPMAN, Circuit Judges, and MACKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 CHAPMAN, Circuit Judge:
 
 
 1
 Plaintiff-appellee Employers Reinsurance Corporation ("ERC") filed this action on April 27, 1990 in the United States District Court for the Western District of North Carolina seeking a declaratory judgment that ERC has no obligation to James Bakker, David Taggart and Aimee Cortese (collectively "the insureds") under its Multimedia Policy in connection with various claims of Lifetime Partners[1] of PTL. On May 30, 1990, appellants Joseph W. Teague and others (collectively "the Teague Intervenors"), on behalf of a class of Lifetime Partners, moved to intervene as a matter of right in this action pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure. On August 9, 1990, the district court denied the Teague Intervenors' motion to intervene of right, and the Teague Intervenors appeal. We reverse.
 
 I.
 
 2
 ERC issued its Multimedia Policy to the Heritage Village Church providing it libel and allied torts coverage for PTL's media operations. ERC filed this declaratory judgment action seeking a declaration that ERC owed no obligation to the insureds under the Multimedia Policy for any of the claims asserted by the Teague Intervenors in a separate class action lawsuit.[2] ERC's declaratory judgment action specifically contended that its Multimedia Policy did not cover the claims asserted by the Teague Intervenors in the class action because (1) the insureds breached their obligations under the policy, (2) the class action claims were not covered by the policy, (3) certain class action claims predated the policy, and (4) the insureds were barred from the policy's coverage because of waiver, estoppel, laches and unclean hands. Each of the three defendants filed a responsive pleading to ERC's complaint, and defendants James Bakker and Aimee Cortese filed counterclaims against ERC essentially seeking a declaration that the Multimedia Policy covered their conduct in connection with PTL. Thus, the dispute between ERC and the insureds is a dispute regarding the existence and extent of coverage under the Multimedia Policy.
 
 
 3
 On May 30, 1990, the Teague Intervenors filed a motion to intervene of right in ERC's declaratory judgment action pursuant to Federal Rule of Civil Procedure 24(a)(2), but the district court denied this motion. 132 F.R.D. 155. At the time of this denial, the claims of the Teague Intervenors as plaintiffs in the class action had not been reduced to judgment. However, on December 14, 1990, a jury returned a verdict against James Bakker solely on the issue of common law fraud and in favor of the Teague Intervenors, as class action plaintiffs, in excess of $129 million. The same jury found in favor of David Taggart and Aimee Cortese on all claims asserted by the class. The Teague Intervenors contend that the disposition of ERC's present declaratory judgment action will affect their ability to protect their interest because the Multimedia Policy and its proceeds are assets out of which they hope to collect their class action judgment. After reviewing the facts, the applicable law and hearing oral arguments, we find that the district court erred in refusing to grant the Teague Intervenors' motion to intervene of right and we reverse.
 
 II.
 
 4
 The sole issue is whether the district court abused its discretion in ruling that the Teague Intervenors were not entitled to intervention of right. Rule 24(a)(2) of the Federal Rules of Civil Procedure allows intervention of right when:
 
 
 5
 the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
 
 
 6
 Fed.R.Civ.P. 24(a)(2). This court has interpreted Rule 24(a)(2) to entitle an applicant to intervention of right if the applicant can demonstrate: (1) an interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the applicant's interest is not adequately represented by existing parties to the litigation. Virginia v. Westinghouse Elec. Corp., 542 F.2d 214, 216 (4th Cir.1976). Applying this standard, we find that the Teague Intervenors' motion to intervene of right complied with the rule and it should have been granted.
 
 
 7
 First, we find that the Teague Intervenors have an interest in the subject matter of ERC's declaratory judgment action--the Multimedia Policy. At the time the district court ruled on the motion to intervene, the Teague Intervenors' class action suit had not yet been reduced to judgment, and the district court ruled that the Teague Intervenors' interest in the Multimedia Policy was not "sufficiently significant to entitle them to intervene in ERC's declaratory judgment action." While Rule 24(a) does not specify the nature of the interest required for a party to intervene as a matter of right, the Supreme Court has recognized that "[w]hat is obviously meant ... is a significantly protectable interest." Donaldson v. United States, 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1971). Whether an interest contingent upon the outcome of other pending litigation constitutes a "significantly protectable interest" has been the source of much disagreement. Some courts have concluded that an intervenor must demonstrate more than "a mere provable claim" in order to be entitled to intervention of right, see Independent Petrochemical Corp. v. Aetna Casualty & Sur. Co., 105 F.R.D. 106, 110 (D.D.C.1985), while others have allowed intervention in a dispute between an insurer and its insured even when the intervenor's interest is contingent on the outcome of other litigation. See New Hampshire Ins. Co. v. Greaves, 110 F.R.D. 549 (D.R.I.1986); Hartford Accident & Indem. Co. v. Crider, 58 F.R.D. 15 (N.D.Ill.1973). We find the reasoning of this latter authority persuasive. ERC has sought in its declaratory judgment action[3] a determination that ERC "has no obligation ... with respect to the Teague Class Action." Thus, the Teague Intervenors stand to gain or lose by the direct legal operation of the district court's judgment on ERC's complaint. After seeking a declaratory judgment that it is not liable under the Multimedia Policy with regard to the class action, ERC cannot now be heard to claim that the Teague Intervenors (the class action plaintiffs) lack a sufficient interest to oppose such declaratory judgment. Accordingly, we find that the Teague Intervenors' interest in the subject matter of this litigation is a "significantly protectable interest."
 
 
 8
 We also find that the Teague Intervenors' ability to protect their interest would be impaired or impeded by disposition of ERC's action. ERC has sought a court declaration that it had no obligation to its insureds under the Multimedia Policy and that the policy does not cover the claims asserted in the class action. As the district court properly noted, it "seems clear that ERC filed its declaratory judgment action as a result of the Teague Class Action and the possibility that it may have to make payments under the [Multimedia] Policy." If ERC prevails in this declaratory judgment action, the class action plaintiffs (the Teague Intervenors in this action) would have to satisfy their judgment from other assets of the insureds and the existence and amount of such assets are questionable. Thus, we find that the district court was correct in ruling that disposition of ERC's declaratory judgment action would impair or impede the Teague Intervenors' ability to protect their interest in the subject matter of this litigation.
 
 
 9
 Finally, we find that the Teague Intervenors have met the third requirement for Rule 24(a)(2) intervention by demonstrating that the present litigants fail adequately to represent their interests. The district court, relying heavily on this court's opinion in Virginia v. Westinghouse Elec. Corp., 542 F.2d 214 (4th Cir.1976), ruled that the present litigants adequately represent the interests of the Teague Intervenors. While Westinghouse holds that a presumption of adequate representation arises in some cases, we find on the present facts the district court has failed to heed the Supreme Court's determination that the burden on the applicant of demonstrating a lack of adequate representation "should be treated as minimal." Trbovich v. United Mine Workers, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 636 n. 10, 30 L.Ed.2d 686 (1972). It is undisputed that the insureds in this case have limited financial resources. At the time of the Teague Intervenors' motion to intervene, defendant Taggart was being held in federal prison with no significant source of income, and he did not retain counsel to defend this action. Defendant Bakker was and is still in federal prison and said in the class action that he was "without any income except the minimal income provided federal prisoners of approximately eleven cents per hour." Defendant Aimee Cortese, while represented by counsel in this case, described herself in the class action as "of quite modest means" and as one who "lives and works in a poor south Bronx neighborhood" as a minister of a small church. Given the financial constraints on the insureds' ability to defend the present action, there is a significant chance that they might be less vigorous than the Teague Intervenors in defending their claim to be insureds under the ERC policy.[4] We therefore find that the district court erred in ruling that the interests of the Teague Intervenors are adequately represented by the present litigants in this action.
 
 III.
 
 10
 For the foregoing reasons, we reverse the district court and hold that the Teague Intervenors are entitled to intervention of right pursuant to Rule 24(a)(2).
 
 
 11
 REVERSED.
 
 
 
 [1]
 "Lifetime Partners" are individuals who allegedly purchased certain rights to stay in certain hotels and use facilities owned by PTL for a number of days and nights per year during their lifetime. "PTL" refers to the Heritage Village Church and related entities
 
 
 [2]
 Appellant Teague Intervenors, in a separate class action lawsuit against the same defendants in this case and others, alleged state and federal RICO violations, state time share fraud, state and federal securities fraud, common law fraud, unfair trade practices, and negligence
 
 
 [3]
 ERC's action does not follow the procedures employed by most insurers who seek a court's determination of the coverage afforded under one of its liability insurance policies. Standard practice is for the insurer to interplead and bring before the court all persons who might claim coverage under the policy so that all questions of coverage may be determined in one action. Here the insurer seems to take the opposite approach and names only three defendants. It seeks to obtain a declaration of no coverage under its policy without hearing from thousands of claimants, who already have a judgment against one of its insureds and claim that such judgment is a valid claim under the insurer's policy. We express no opinion as to whether there is coverage of the class action judgment under ERC's multimedia policy; this must await litigation of this issue in the district court. However, we are surprised at the very exclusive selection of defendants when normal practice is to be all inclusive in naming defendants in such an action
 
 
 [4]
 This is certainly true now that the class action has been reduced to judgment. Neither Taggart nor Cortese were found liable in the class action suit, and they no longer have a substantial interest in defending this action. This leaves only Bakker, with his limited means, to defend against ERC's declaratory judgment action