**THE CONTINENTAL INSURANCE CO., Plaintiff,**

v.

**THE LAW OFFICE OF THOMAS J. WALKER, Jr., et al., Defendants.**

**Civil No. AW–96–3517.**

United States District Court, D. Maryland.

March 4, 1997.

Ronald W. Fuchs, Jack A. Gould and Eccleston & Wolf, Washington, DC, for Plaintiff.

Patricia M. Weaver and Paley, Rothman, Goldstein, Rosenberg & Cooper, Bethesda, MD, for Defendant Glenn M. Cooper.

Stephen H. Ring, Rockville MD, for Defendant Glenn A. Wasik.

---

William J. Bethune, Charles H. Fleischer and Marsh Fleischer & Quiggle, Chartered, Bethesda, MD, for Intervenor–Defendant, Clark Estate.

Robert A. Rohrbaugh and Caplan, Buckner, Rohrbaugh & Albert, Bethesda, MD, for Intervenor–Defendant, Clark Trust.

Deane A. Shure and D'Erasmo, Shure & Perez, Rockville, MD, for Intervenor–Defendants, Warren P. Conklin and the Conklin Estate.

William J. Rowan, III and Rowan & Quirk, Rockville, MD, for Intervenor–Defendant, Janet Kirby.

Robert E. Gough and Heise, Jorgensen & Stefanelli, Gaithersburg, MD, for Intervenor–Defendant, Joanne Granai.

## MEMORANDUM OPINION

WILLIAMS, District Judge.

Before the Court are three Motions to Intervene, entered by the Clark Defendants (the Estate of Mary S. Clark and the Co-Trustees of the Clark Trust), the Conklins (Warren P. Conklin and the Estate of Lucille E. Conklin), and Janet Kirby and Joanne Granai, Also before the Court is Defendant Glenn M. Cooper's Motion to Dismiss, or Alternatively, for a More Definite Statement. A hearing on these Motions was held on March 3, 1997. As explained at the hearing and for the reasons stated below, the Court will grant the three Motions to Intervene. Regarding the Motion to Dismiss, or in the Alternative, for a More Definite Statement, the Court will deny as moot the Motion to Dismiss, and will deny the Motion for a More Definite Statement.

### Background

The underlying action in the present case is an action for declaratory judgment, in which the Continental Insurance Company seeks to have the Court declare that Defendants' insurance policy is void ab initio and that Plaintiff therefore owes Defendants no duty to defend or indemnify in any lawsuits against Defendants. The Motions to Intervene surround such claims against the law offices of decedent Thomas J. Walker as are contemplated by this declaratory judgment action. Each movant asserts claims against the Defendants and an interest in the insurance policy. Consequently, each movant states that participation in this lawsuit is necessary to the protection of that interest. Each movant thereby argues that under Fed. R.Civ. P. 24 the Court should grant intervention as a matter of right.[1]

The Clarks' claims are presently the subject of two lawsuits before the Circuit Court for Montgomery County, Maryland: *Clark Estate v. Cooper et al.*, No. 159095 and *Clark Tust v. Cooper et al.*, No. 159076. Pursuant to these suits, the Clarks claim an interest relating to the insurance policy that is the subject of this action for declaratory judgment.

The Conklins have also brought claims against the Defendants in the Circuit Court for Montgomery County (Civil No. 161752), in which the Conklins allege malpractice and conversion of funds. The Conklins claim an interest in the insurance policy at issue in the instant action, and they assert that their absence from this action may impair or impede their ability to protect that interest.

Finally, the Motion of Granai and Kirby to Intervene also urges the necessity of intervention. Granai and Kirby are the surviving daughters of the late Henry Dawson. Dawson, Granai and Kirby were all clients of Walker, and Granai and Kirby claim that Walker "held in his possession stock certificates, owned by Dawson, Granai and Kirby, in excess of One Million Dollars together with certificates of deposit, owned by Dawson, Granai and Kirby in the approximate amount of One–Half Million Dollars." Motion of Granai and Kirby at 1–2. Granai and Kirby claim that they have discovered that all of the stock had been sold, and the proceeds from the stock and the certificate of deposit (totaling approximately $1,500,000) had disappeared. Based on this, Granai and Kirby claim an interest in the insurance policy that is at issue in this declaratory judgment action, and they state that their inter-

---

1. Movants argue in the alternative for permissive intervention. However, because the Court finds that intervention of right is appropriate, it need not reach these arguments.

ests may be greatly impaired if they are not allowed to intervene.

## Discussion

### Motions to Intervene

■ The legal standard for intervention of right is set forth in Fed.R.Civ.P. 24(a)(2), which requires the Court to grant intervention when

> ... the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

In the instant case, this standard is clearly met. Each of the movants has asserted substantial monetary claims against the Walker Estate ("the Estate"). As represented at the hearing by counsel for the Estate, the Estate has assets totaling approximately only $700,-000, far below the amounts to which movants collectively assert rights. Consequently, movants have a clear interest in the insurance policy that is at issue in this declaratory judgment action, as its proceeds would contribute to paying any judgments which movants might secure in state court. Thus, the first criteria of the Rule 24(a)(2) test is satisfied.

For essentially the same reasons, each movant is also "so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest." Rule 24(a)(2). If this declaratory judgment action were decided in Plaintiff Continental's favor, then Continental would not be required to indemnify any judgments that movants might secure against the Estate. Due to its limited funds, the Estate likely might not be able to pay such judgments without Continental's indemnification. Thus, if Plaintiff succeeded in this declaratory judgment action, movants might not receive full satisfaction of any monetary judgments rendered in their favor.

Finally, movants also meet the third criterion for intervention of right set forth in Rule 24(a)(2), as their interests are not "adequately represented by existing parties." As the Court perceives the situation, an argument can be made that the Estate is not in a position to defend ardently movants' position, due to the Estate's limited resources. Indeed, as represented at the hearing, the Estate may ultimately surrender its funds and leave its various claimants to litigate over how those funds will be apportioned. Furthermore, Special Administrator of the Walker Estate Glenn Cooper stated in a letter to Estate claimants that the Estate "really has no interest in the outcome of the Declaratory Judgment litigation, but you do." Letter dated November 25, 1996, attached as an exhibit to Motion of Granai and Kirby to Intervene. Accordingly, the Estate represented at the hearing that it does not oppose the movants' intervention in the immediate suit.

Moreover, Fourth Circuit precedent clearly establishes that intervention is appropriate in cases of this type. In the case of *Aetna Cas. & Surety Co. v. Yeatts,* 99 F.2d 665 (4th Cir.1938), a state court action that was brought against a physician based on the death of his patient from an illegal abortion. The physician's malpractice insurer brought a declaratory judgment action in federal court, seeking a declaration that the insurer was not obligated to provide coverage. The Fourth Circuit held that the physician and wrongful-death plaintiff were both proper defendants in the declaratory judgment action, because that action directly impacted the interests of both parties. The Court stated that "in this case the Surety Company has raised a question of coverage and its position can be sustained only by a decision hostile to the interests of both the insured and the adverse claimant, and so they were properly joined as parties defendant." *Yeatts,* 99 F.2d at 668.

Thus, as established by Rule 24(a)(2) and by case law precedent, the criteria for intervention are clearly met in the immediate case. Plaintiff further contends, nonetheless, that intervention would be inappropriate before movants' underlying claims have been reduced to judgments. However, case law precedents in the Fourth Circuit and Mary-

land clearly demonstrate that this argument cannot stand.

In *Teague v. Bakker*, 931 F.2d 259 (4th Cir.1991), the Fourth Circuit held that the appropriateness of intervention is not contingent upon prior resolution of the underlying claim. In *Teague,* plaintiffs in a class action for libel against a church sought intervention in a federal declaratory judgment action brought against the church by the church's liability insurer. At the time of both the motion and the district court's denial of the motion, judgment had not yet been entered on the underlying class action. The Fourth Circuit reversed the District Court's denial of the motion, and followed the precedent of other cases that "have allowed intervention in a dispute between an insurer and its insured even when the intervenor's interest is contingent on the outcome of other litigation." *Teague,* 931 F.2d at 261.

In so stating, the Fourth Circuit has effectively unseated Plaintiff's argument that it would be improper to allow the movants to intervene before the state court has decided their claims. The Fourth Circuit held that the District Court in *Teague* should have allowed intervention, despite the fact that the underlying class action had not been decided at the time that the District Court made its decision. Consequently, this Court concludes that Plaintiff's argument cannot stand in light of the *Teague* precedent.

A recent decision of the Court of Appeals of Maryland provides further authority for movants' intervention before resolution of the underlying claims. On January 14 of this year, that Court issued its decision in *Harford Mutual Insurance Co. v. Woodfin Equities Corp., et al.,* 344 Md. 399, 687 A.2d 652, which deals with Maryland's policy regarding direct actions by tort claimants against tortfeasors' insurers. The Court held that public policy "frowns upon the injection of liability insurance in legal proceedings at which the insured defendant's underlying tort liability is being determined." 344 Md. 399, 412, 687 A.2d 652, 658. However, the Court further stated that Maryland policy will allow a tort claimant to litigate separately the issue of insurance coverage, even before obtaining a judgment on the tort claim. The Court held

that "prior to any determination in the underlying tort case, the injured claimant ordinarily may bring a declaratory judgment action against the tortfeasor's liability insurer to resolve insurance policy coverage disputes which are separate and independent from the liability issues in the underlying litigation." 344 Md. 399, 413, 687 A.2d 652, 659.

As applied to the movants in the instant case, these statements of the Court of Appeals of Maryland in *Harford Mutual Insurance* clearly demonstrate that it is proper for the movants to resolve the insurance coverage issues with Continental, even before resolution of the movants' underlying claims. *Harford Mutual* addresses the filing of independent declaratory judgment actions by those in movants' position, and states that such actions are appropriate. Given that movants are in a position to file their own actions for resolution of the very questions at issue in the immediate case, it is in the interest of judicial economy to allow the movants to intervene in the present action.

Finally, it appears to this Court that if intervention were postponed until resolution of the underlying claims, it might be too late for such intervention to have any practical significance for the movants, as this declaratory judgment action might already have been decided in against their interests. Based on this pragmatic consideration as well as on the cases cited above, this Court concludes that movants should be permitted to intervene in this action notwithstanding the pendency of their state court claims.

*Motion to Intervene. or in the Alternative. for a More Definite Statement*

The Court will now address the Motion to Dismiss, or Alternatively, for a More Definite Statement. First, the Court will discuss the request for dismissal. In this Motion, Defendant Cooper (Successor Special Administrator of the Estate of Thomas J. Walker, Jr.) argues that this declaratory judgment action should not be decided without the inclusion of the individuals whose claims the insurance policy would cover. Defendant Cooper argues that those individuals "are indispensable parties, and Continental should not be permitted to litigate the Declaratory Judgment action in their absence." Motion to

Dismiss, or Alternatively, for a More Definite Statement, at 1–2. As discussed above, the Court has decided to permit intervention by those parties, pursuant to their Motions to Intervene. Consequently, Defendant Cooper's argument, that the case should be dismissed because those individuals are not parties, is now moot.

■ With respect to the Motion for a More Definite Statement, the Court does not find Defendant Cooper's argument persuasive. The standard for requiring a more definite statement is set forth in Fed R. Civ. P. 12(e), which states that a more definite statement is justified where "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Defendant Cooper notes that in Count One of the Complaint, Continental urges the Court to declare the insurance policy void ab initio based upon alleged misrepresentation in the execution of a renewal application. Specifically, Continental alleges that in renewing the policy, Wasik warranted that all statements therein were true and that no attorney for whom coverage was sought knew of any circumstance that could result in a claim against the Law Offices. However, as the Motion notes, Continental does not clearly allege that Wasik did know of any such circumstance, but rather alleges that "Wasik and/or Mullican knew of the circumstances that have given rise to the claims against the Law Offices, Walker's Estate and Wasik in connection with the trusts administered by Walker and/or Mullican." Defendant Cooper asserts that the alternative "Wasik and/or Mullican" does not satisfy the allegation that Wasik breached the aforementioned warranty that no *attorney* for whom coverage was sought knew of such a claim.

However, while Defendant Cooper's argument may ultimately prove important to the disposition of this case, the Court does not believe that this ambiguity is sufficient to satisfy the standard set forth in Rule 12(e) for requiring a more definite statement. Although ambiguous, this portion of the Complaint does not appear to be "so vague or ambiguous that a party cannot reasonably be

required to frame a responsive pleading." Rule 12(e). Consequently, the Court concludes that this ambiguity will be resolved more properly at a later stage in the litigation.

### Conclusion

For the reasons set forth herein, the Court will grant the three pending Motions to Intervene. With respect to the Motion to Dismiss, or Alternatively, for a More Definite Statement, the Court will deny as moot the Motion to Dismiss, and will deny the Motion for a More Definite Statement.