BENJAMIN G. ALFORD, Administrator of the Estate of DREAMA SAMONE DAVIS, Deceased, Plaintiff-Appellee v. BRADLEY DAVIS, RHONDA COOPER, Defendants-Appellees

BENJAMIN G. ALFORD, Administrator of the Estate of DREAMA SAMONE DAVIS, Deceased, Plaintiff-Appellee v. BRADLEY DAVIS, RHONDA COOPER, KEVIN LAMONTE WHITING, by and through his Guardian Ad Litem DAVID A. STOLLER, BONITA M. WHITING and DWAYNE M. WHITING, Defendants-Appellees

v. RAM RAMCHANDANI, M.D., EMSA LIMITED PARTNERSHIP, Movants-appellants

No. COA97-1597

(Filed 20 October 1998)

**1. Appeal and Error— appealability—motion to intervene**

An appeal from the denial of a motion to intervene in a wrongful death action was considered where the order denying intervention was interlocutory, but did not determine the entire controversy and the motion to intervene claimed substantial rights which might be lost if the order was not reviewed prior to final judgment.

**2. Parties— motion to intervene—declaratory judgment action—determination of heirs for wrongful death action**

The trial court did not err by denying appellants' motion to intervene in a declaratory judgment action to determine which potential heirs would share in any proceeds from a wrongful death action brought on behalf of a child where the child's adoption had begun but not been completed. Appellant, which had provided medical services to the child, contended that recoverable damages under the wrongful death statute are dependent in part on the number and identity of beneficiaries, but any interest of appellant in the adjudication of beneficiaries is contingent upon the outcome of the underlying wrongful death action, which has yet to be determined; that speculative interest is insufficient to warrant declaratory judgment under the Act.

**3. Parties— motion to intervene—no significantly protectable interest—interpretation of intestate succession—limitation of tort liability**

Appellants were not provided with a non-statutory basis for intervention by N.C.G.S. § 1A-1, Rule 24 where appellants were the defendants in a wrongful death action on behalf of a child

ALFORD v. DAVIS

[131 N.C. App. 214 (1998)]

whose adoption had not been completed when she died and the administrator of her estate filed these declaratory judgment actions to determine which potential heirs would share in any proceeds from the wrongful death action. In order for a party to intervene as of right pursuant to Rule 24(a)(2), the interest at stake must be significantly protectable; the appellants here have no protectable interest let alone a significantly protectable interest. Appellants, as alleged tortfeasors, will not be permitted to intervene in this action to obtain an interpretation of the intestate succession laws in order to limit their own liability.

**4. Parties— motion to intervene—permissive—denial not an abuse of discretion**

The trial court did not abuse its discretion by denying appellant's motion for permissive intervention pursuant to N.C.G.S. § 1A-1, Rule 24(b) in a declaratory judgment action where appellants were a doctor and medical practice who had provided services to a child who died; the child's adoption had begun but had not been completed at the time of death; and the administrator of the child's estate filed this declaratory judgment action to determine the heirs who would share in the proceeds of a wrongful death action. The court found that appellants had no statutory right to intervene and no interest in the issues presented by the declaratory judgment action which would allow them to intervene; further found that any interest appellants might have was contingent due to their denial of liability and insufficient to warrant intervention; noted that equity and justice required that appellants not be heard on the determination of beneficiaries; and also noted that appellants' position was adequately represented by the natural mother.

Appeal by movants from order entered 6 May 1997 by Judge Clifton W. Everett, Jr., in Craven County Superior Court. Heard in the Court of Appeals 15 September 1998.

*Donald J. Dunn, P.A., by Donald J. Dunn and Annie L. Sullivan, for plaintiff-appellee.*

*James M. Ayers, II, for defendant-appellee Rhonda Cooper.*

*David A. Stroller, Guardian ad Litem, for Kevin Whiting.*

*Patterson, Dilthey, Clay & Bryson, L.L.P., by Robert M. Clay and Charles A. Madison for movant-appellants.*

MARTIN, John C., Judge.

On 11 August 1994 Dreama Davis, then two years and eight months old, died at Cherry Point Naval Hospital as a result of acute supperative appendicitis. Dreama had been examined and sent home earlier in the day by appellant Dr. Ramchandani who had diagnosed her as suffering from pneumonia. Plaintiff filed the underlying wrongful death action alleging that Dreama's death was caused by the negligence of Dr. Ramchandani and his employer EMSA Limited Partnership ("EMSA").

At the time of her death, Dreama was survived by her natural mother, Rhonda Cooper, and her half-brother, Kevin Cooper (Whiting). However, Rhonda Cooper had signed a consent for the adoption of both children and they had been placed in the home of Bonnie and Dwayne Whiting. The adoption, however, had not been completed and plaintiff brought these declaratory judgment actions to determine which of Dreama's potential heirs would share in the proceeds, if any, of the underlying wrongful death action. Dr. Ramchandani and EMSA moved to intervene, asserting that because plaintiff was seeking damages in the wrongful death suit, the amount of which are determined in part by the identity of the deceased's beneficiaries, they had an interest in the outcome of the litigation.

The trial court found that Dr. Ramchandani and EMSA had no interest in the issues presented by the declaratory judgment actions, and that even if they did have an interest in the actions, their interest would be adequately protected by the position of Rhonda Cooper, Dreama's natural mother. The trial court denied the motion to intervene and Dr. Ramchandani and EMSA (hereinafter "appellants") appeal.

---

**[1]** The trial court's order denying appellants' motion to intervene is interlocutory, as it has not determined the entire controversy among all the parties. *United Services Auto. Assoc. v. Simpson*, 126 N.C. App. 393, 485 S.E.2d 337, *disc. review denied*, 492 S.E.2d 37 (1997). Although interlocutory orders are generally not immediately appealable, immediate appellate review may be granted where the order adversely affects a substantial right which the appellant may lose if an appeal is not granted prior to final judgment. *Id.*; N.C. Gen. Stat. § 1-277 (1996); N.C. Gen. Stat. § 7A-27(d) (1995). We believe appellants' motion to intervene claims substantial rights which might be lost if the order is not reviewed prior to final judgment; therefore we consider their appeal. *See United Services, supra* (appeal of

order denying Rule 24 motion to intervene affected movant's substantial rights).

## A.

**[2]** First, appellants argue the trial court erred in denying their motion to intervene as of right pursuant to G.S. § 1A-1, Rule 24(a). Rule 24(a) provides a party with a right to intervene:

> (1) When a statute confers an unconditional right to intervene, or
>
> (2) When the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

N.C. Gen. Stat. § 1A-1, Rule 24(a) (1990). Appellants assert that the Uniform Declaratory Judgment Act, G.S. § 1-253, *et seq.*, provides them with a statutory right to intervene pursuant to Rule 24(a)(1). The Act provides in pertinent part that parties "whose rights, status or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights . . . ." N.C. Gen. Stat. § 1-254 (1996). Appellants argue that because the wrongful death statute provides that recoverable damages are dependent, in part, on the number and identity of a decedent's beneficiaries, appellants are entitled to obtain a declaration of their rights pursuant the wrongful death statute. We disagree.

It is well settled that in order for the Act to be invoked there must exist an actual justiciable controversy. *Ferrel v. Dept. of Transportation*, 334 N.C. 650, 656, 435 S.E.2d 309, 313 (1993). "There is a justiciable controversy if litigation over the matter upon which declaratory relief is sought appears unavoidable." *Id.* In the present case, appellants seek declaratory relief as to the identity of Dreama's beneficiaries. This is not, however, a matter which is available to be independently litigated by appellants, as they have no direct interest, and therefore no standing, in such an adjudication. Litigation on this matter involving appellants is by no means "unavoidable" and the Declaratory Judgment Act therefore does not afford them a right to declaratory relief.

In any event, any interest of appellants in the adjudication of Dreama's beneficiaries is contingent upon the outcome of the underlying wrongful death action which has yet to be determined. We find that such a speculative interest is insufficient to warrant declaratory relief under the Act. Courts have no jurisdiction to determine matters that are speculative, abstract, or moot, and they may not enter anticipatory judgments, or provide for contingencies which may arise thereafter. *Little v. Trust Co.*, 252 N.C. 229, 113 S.E.2d 689 (1960). "In sum, the sound principle that judicial resources should be focused on problems which are real and present rather than dissipated on abstract, hypothetical or remote questions is fully applicable to the Declaratory Judgment Act." *Adams v. Dept. of N.E.R.*, 295 N.C. 683, 703, 249 S.E.2d 402, 414 (1978). Appellants have asserted no valid basis for statutory intervention as of right.

[3] Appellants also assert that Rule 24(a)(2) provides them with a non-statutory basis for intervention. Under Rule 24(a)(2), a movant has a right to intervene in an action where (1) the movant has an interest relating to the property or transaction; (2) denying intervention would result in a practical impairment of the protection of that interest; and (3) there is inadequate representation of that interest by existing parties. *United Services*, at 397-98, 485 S.E.2d at 340; *In re Gertzman*, 115 N.C. App. 634, 446 S.E.2d 130, *disc. review denied*, 337 N.C. 801, 449 S.E.2d 571 (1994). The courts of this State have clearly established that the movant's interest in the property or transaction must be a legal interest "of such direct and immediate character that they will gain or lose by direct operation of the judgment." *Northwestern Bank v. Robertson*, 25 N.C. App. 424, 426, 213 S.E.2d 363, 365 (1975); *See also, River Birch Associates v. City of Raleigh*, 326 N.C. 100, 388 S.E.2d 538 (1990) (holding homeowners' interest in common area where derived through membership in Homeowners Association too indirect to justify intervention).

This Court recently stated in *United Services* that the current approach to interpreting G.S. § 1A-1, Rule 24 is found in the Fourth Circuit Court of Appeals decision of *Teague v. Bakker*, 931 F.2d 259 (4th Cir. 1991). The *Teague* court, although holding that an interest which is contingent upon the outcome of pending litigation could be a significant enough interest to warrant intervention, required that the interest be "significantly protectable." *See United Services*, at 397, 485 S.E.2d at 340 (quoting *Teague*, 931 F.2d at 261). We agree with *Teague* and *United Services* that in order for a party to intervene as of right pursuant to Rule 24(a)(2) the interest at stake must

be significantly protectable, yet we distinguish the interests at stake in those cases from the interest of appellants in the case before us.

In *United Services*, the Court held the parties seeking intervention had a significantly protectable interest where, like the appellants in *Teague*, they were seeking to intervene in a coverage dispute between an insurer and its insured, and where the parties seeking to intervene were intended third-party beneficiaries of the insurance contract at issue. Clearly, the appellants in these cases had significant legal interests directly affected by the outcome of the declaratory judgment actions and worthy of legal protection.

In contrast, we find in this case that appellants have no protectable interest, let alone a "significantly protectable" interest, in the determination of Dreama's heirs. Appellants have no rights in the estate of Dreama Davis through the laws of intestate succession, the wrongful death statute, or any other law. Appellants, as alleged tortfeasors, will not be permitted to intervene in this action to obtain an interpretation of the intestate succession laws, in order to limit their own liability, in the event they are determined to have negligently caused the death of plaintiff's intestate. Moreover, because we hold that appellants have no significantly protectable interest in this action and have therefore failed to meet the first prong of the three requirements necessary for non-statutory intervention as of right, we need not address the remaining requirements.

B.

[4] Appellants also assign error to the trial court's denial of their motion for permissive intervention pursuant to G.S. § 1A-1, Rule 24(b). Under Rule 24(b), the trial court may, in its discretion, permit a movant to intervene in an action where a statute confers a conditional right to do so, or the movant's claim or defense in the main action has a question of law or fact in common with the present action. Permissive intervention under the rule "rests within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion." *State ex. rel. Long v. Interstate Cas. Ins. Co.*, 106 N.C. App. 470, 474, 417 S.E.2d 296, 299 (1992). A trial court abuses its discretion where its ruling "is so arbitrary that it could not have been the result of a reasoned decision." *Chicora Country Club, Inc., v. Town of Erwin*, 128 N.C. App. 101, 109, 493 S.E.2d 797, 802 (1997), *disc. review denied*, 347 N.C. 670, 500 S.E.2d 84 (1998).

In its order denying appellants' motion in the present case, the trial court enumerated findings that appellants had no statutory right to intervene, and that appellants had no interest in the issues presented by the declaratory judgment action which would allow them to intervene. The trial court further found that even if appellants did have an interest, such interest was contingent due to their denial of liability, and insufficient to warrant intervention. The trial court noted that equity and justice required that appellants not be heard on the determination of beneficiaries, and that in any event, appellants' position was adequately represented by the position of Rhonda Cooper, Dreama's natural mother. These findings are supported by the record, and are sufficient for us to conclude that the trial court's order was not so arbitrary that it could not have been the result of a reasoned decision. We must therefore uphold the order.

Affirmed.

Judges LEWIS and WALKER concur.