## TIG SPECIALTY INSURANCE COMPANY, Plaintiff,

v.

## FINANCIAL WEB.COM, INC., Kevin A. Lichtman, James P. Gagel, Kevin Leininger, Andrew Hobbs, Edward Mullen, Martin Averbuch, John D. Bergen, and Leonard Von Vital, Defendants.

No. 8:01–CV–2026–T–17EAJ.

United States District Court,
M.D. Florida,
Tampa Division.

May 20, 2002.

Mark S. Shapiro, Akerman, Senterfitt & Eidson, P.A., Miami, FL, for plaintiff.

Phillip Stuart Smith, Frank J. Campoamor, McLin, Burnsed, Morrison, Johnson, Newman & Roy, P.A., Leesburg, FL, John Eamon Johnson, Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A., Tampa, FL, Lansing C. Scriven, Lansing C. Scriven, P.A., Tampa, FL, for defendants.

David Graham Lerner, Litchford & Christopher, P.A., Orlando, FL, Matthew E. Miller, Arlington, VA, for movants.

## *ORDER*

KOVACHEVICH, Chief Judge.

THIS CAUSE is before the Court on Motion to Intervene of Tort Claimants Benjamin Mobasseri, Samuel Garre, III, and Milano Manhattan, LTD., and Memorandum of Law in Support thereof (Docket Nos. 26–27, filed March 18, 2002); and Plaintiff's Response in Opposition to Motion to Intervene and Incorporated Memorandum of Law (Docket No. 37, filed April 16, 2002).

### Background

TIG Specialty Insurance Company (Plaintiff) filed suit against Financial Web.com (Financial Web), Kevin A. Lichtman (Defendant Lichtman), James Gagel (Defendant Gagel), Kevin Leininger (Defendant Leininger), Andrew Hobbs (Defendant Hobbs), Edward Mullen (Defendant Mullen), Martin Averbuch (Defendant Averbuch), John Bergen (Defendant Bergen), and Leonard von Vital (Defendant von Vital) in this Court on October 26, 2001, seeking rescission of a director and officer liability policy and renewal policy issued to Financial Web on the grounds that Financial Web made material misrepresentations and/or omissions in connection with the application and renewal application for these policies. Alternatively, Plaintiff is seeking a declaration that coverage will not be afforded under the renewal policy for any claims as-

serted against the directors and officers of Financial Web.

In March 2001, Benjamin Mobasseri and Samuel Garre, III (Intervenors) brought suit against Defendant Lichtman, Defendant Gagel and others for violations of the Securities Exchange Act resulting from Defendants' misrepresentations on behalf of their work for/with Financial Web. This case, *Mobasseri v. Lichtman, et al.*, Case No. 6:01–CV–324–Orl–31KRS, is currently pending in the Orlando division of this Court. Additionally, a third Intervenor, First American, brought suit against Financial Web, Defendant Gagel, Defendant Leininger, and Defendant von Vital, as well as other former directors and officers of Financial Web, for violations of Florida's securities law and other state law causes of action. This case, *First American Investment Banking Corporation v. Financial Web.com. Incorporated*, No. 01–3776, also is still pending in the Thirteenth Judicial Circuit in and for Hillsbourgh County.

Intervenors now move to intervene in the case at hand because they claim an interest in the insurance policy that Plaintiff seeks to invalidate. Plaintiff opposes the intervention on the grounds that the Intervenors' interest in the insurance policy does not satisfy the requirements of a legally protectable interest under Federal Rule of Civil Procedure 24.

## Discussion

### I. Intervention as of Right

Federal Rule of Civil Procedure 24(a) provides, in pertinent part, that:

[u]pon timely application anyone shall be permitted to intervene in an action ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest unless the applicant's interest is adequately represented by existing parties.

Fed.R.Civ.P. 24(a)(2). In this Circuit, a party seeking to intervene under Rule 24(a)(2) must show: "(1) that the intervention application is timely; (2) that an interest exists relating to the property or transaction which

is the subject of the action; (3) that disposition of the action, as a practical matter, may impede or impair the ability to protect that interest; and (4) the existing parties to the lawsuit inadequately represent the interests." *Fed. Savings & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 215 (11th Cir.1993) (citing *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir.1989)). If each of these four requirements are met, the court must allow the party to intervene in the action. *Id.* Because there has not been a claim opposing the timeliness of the intervention application, the focus here shall be on the latter requirements, which Plaintiff contends that Intervenors have failed to satisfy.

Here, Intervenors ask this Court to allow them to intervene under Rule 24(a)(2) on the grounds that they have an interest in the insurance policy at issue; that their ability to protect their interest would be impaired if the action was disposed in Plaintiff's favor because they may not be able to effectuate recovery against Defendants; and, finally, that Defendants do not adequately represent their interest. Conversely, Plaintiff argues that this Court should not allow Intervenors to intervene in the case at hand because the Intervenors' interest in an insurance fund is hypothetical and speculative; and the Defendants adequately represent the Intervenors' interest.

### Interest Relating to Property or Transaction which is the Subject Matter of the Action

The Supreme Court of the United States has defined "interest" under Rule 24 as a "significantly protectable interest." *Donaldson v. U.S.*, 400 U.S. 517, 531, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971). In determining the sufficiency of the interest, this Circuit requires that the intervenor "must be at least a real party in interest in the transaction which is the subject of the proceeding" and "must have a direct, substantial, legally protectable interest in the proceeding." *Worlds v. Dept. of Health and Rehabilitative Servs.*, 929 F.2d 591, 594 (11th Cir.1991) (quoting *Athens Lumber Co. v. Fed. Election Commission*, 690 F.2d 1364, 1366 (11th Cir.1982)). How-

ever, the Intervenors' interest does not have to "be of a legal nature identical to that of the claims asserted in the main action." *Chiles*, 865 F.2d at 1214.

Here, Intervenors claim that they have an interest in the insurance policy that Plaintiff is asking this Court to rescind. They argue that the insurance policy is their means of recovery, should they prevail in the other two lawsuits that they have pending against some of the Defendants. Plaintiff asserts that the Intervenors' interest in the insurance policy is merely speculative and, therefore, is not a legally protectable interest.

The Eleventh Circuit has not yet addressed the issue of whether an interest contingent upon the outcome of other pending litigation constitutes "a significantly protectable interest." Among the courts that have wrestled with the issue, there is disagreement as to whether the intervenor must demonstrate more than "a mere provable claim" or whether the intervention of right is appropriate although the interest in the action is contingent on pending litigation. This issue seems to be a source of disagreement between the parties to this motion as well.

This Court finds the United States Court of Appeals for the Fourth Circuit's decision in *Teague v. Bakker* persuasive. 931 F.2d 259, 261 (4th Cir.1991). In *Teague*, a class of plaintiffs in a separate action moved to intervene in the a suit filed by the insurer of a religious organization's media operation against individuals within the organization, seeking a declaration that it had no obligation to pay for claims asserted against the individuals in the separate action. *Id.* at 259. As the court pointed out,

> the ... [intervenors] stand to gain or lose by the direct legal operation of the district court's judgment on [the insurer's] complaint. After seeking a declaratory judgment that it is not liable under [the policy] with regard to the class action, [the insurer] cannot now be heard to claim that the [intervenors] lack a sufficient interest to oppose such declaratory judgement.

*Id.* at 261. Therefore, the Fourth Circuit found that the intervenors had a legally protectable interest. *Id.*

Similar to *Teague*, here the Intervenors are seeking to intervene in a suit where Plaintiff is asking the Court to declare that the insurance policy, in which the Intervenors claim to have an interest, is void; thereby, potentially depriving Intervenors of a source from which to recover should they prevail in their other claims against Defendants. Likewise, if this Court declares that the insurance policy is void in the present suit, a significant source of recovery for the Intervenors would become extinct; therefore, the Court finds that the Intervenors have a direct, significant legal interest in the insurance policy.

The Court also finds the Third Circuit's decision in *Mountain Top Condominium Association v. Dave Stabbert Master Builder, Incorporated* convincing. 72 F.3d 361 (3d Cir.1995). In *Mountain Top*, the court addressed the issue of whether a mere economic interest in the outcome of litigation was sufficient to support a motion to intervene. *Id.* at 366. The court recognized that "the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give that party a right to intervene." *Id.* However, the court went on to hold that "an intervenor's interest in a *specific* fund *is* sufficient to entitle intervention in a case affecting that fund." *Id.* (emphasis added). Therefore because the Intervenors' interest is in a specific fund, the TIG insurance policy, and the case at hand affects that fund, the Court finds that the Intervenors' interest is sufficient to meet the requirements for intervention as of right under Rule 24(a)(2).

### Impairment of Ability to Protect Interest upon Disposition of the Action

Intervenors assert that their ability to recover from Defendants in their other lawsuits against Defendants will be significantly impaired should the Court dispose of this case in favor of Plaintiff; therefore, they request that the Court allow them to intervene in order to protect their interest. Because Plaintiff is asking that this Court declare that the insurance policy between Plaintiff and Defendants is rescinded, if Plaintiff receives a favorable outcome in this proceeding, the Intervenors' interest will be

eliminated. Therefore, the Court finds that disposition of the action will impair or impede the Intervenors' ability to protect their interest.

*Adequate Representation*
*by Existing Parties*

The Supreme Court has held that the inadequate representation requirement of Rule 24(a)(2) "is satisfied if the [proposed intervenor] shows that representation of his interest 'may be' inadequate," and "the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of America,* 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972). Intervenors argue that Defendants will not adequately represent their interests. Specifically, they assert that Defendant Gagel will not assert a vigorous defense, as evidenced by his decision to appear *pro se* before the Court; Defendant von Vital initially had an entry of default entered against him in this action; and both Defendant Gagel and Financial Web are Defendants in the separate lawsuits that Intervenors have filed, where the Intervenors are attempting to collect the insurance proceeds from the policies at issue in the case at hand. Plaintiff argues that Defendants adequately represent Intervenors' interest because they have incentive to keep the insurance policy should they be found liable in the lawsuits that Intervenors have filed against them.

The Court agrees with the Intervenors. As the Supreme Court pointed out, "the fact that the interests are similar does not mean that the approaches to litigation will be the same." *Trbovich,* 404 U.S. at 539, 92 S.Ct. 630. Moreover, the Intervenors "should be allowed to intervene unless it is clear that [Defendants] will provide adequate representation." *Chiles,* 865 F.2d at 1214 (quoting 7C Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1909, at 319 (2d ed.1986)).

As the Intervenors point out in their memorandum, an entry of default was initially entered in this case against Defendant von Vital, and Defendant Gagel has failed to retain counsel, instead deciding to appear *pro se* before this Court. These factors, in themselves, provide this Court with sufficient evidence for it to find that Defendants' representation of the Intervenors' interest "may be inadequate." *Trbovich,* 404 U.S. at 538 n. 10, 92 S.Ct. 630. Therefore, the Intervenors must be permitted to intervene under Rule 24(a)(2), and their motion to intervene is granted.

Because the Court finds that the Intervenors have a right to intervene in the present case under Rule 24(a)(2), the Court will not address the parties arguments regarding permissive intervention under Rule 24(b)(2). Accordingly, it is

ORDERED that Motion to Intervene of Tort Claimants Benjamin Mobasseri, Samuel Garre, III, and Milano Manhattan, LTD. (Docket No. 26) be GRANTED. The Clerk of the Court be DIRECTED to add the intervening defendants.