**ARISTA RECORDS, LLC,**
**et al., Plaintiffs,**

v.

**DOE # 1, et al., Defendants.**

No. 5:07–CV–405–BO.

United States District Court,
E.D. North Carolina,
Western Division.

Oct. 19, 2008.

Lacey M. Moore, Nexsen Pruet, PLLC, Charlotte, NC, for Plaintiffs.

Stephen E. Robertson, Robertson, Medlin & Blocker, PLLC, Greensboro, NC, for Defendants.

### ORDER

TERRENCE W. BOYLE, District Judge.

This matter is before the Court on a Motion to Intervene submitted by Defendant Doe Nos. 13, 16, 17 and 19. In light of the Notice of Voluntary Dismissal filed by the Plaintiffs on September 26, 2008 and October 15, 2008, this motion as it pertains to Defendant Doe Nos. 16, 17 and 19 is now MOOT. For the reasons stated below, the Defendant's Motion to Intervene as it relates to Defendant Doe No. 13 is DENIED.

### BACKGROUND

Plaintiffs notified North Carolina State University (NC State) a lawsuit had commenced linking each Defendant Doe Nos. 1–34 to an internet protocol address. Plaintiffs served a subpoena on NC State seeking information that would allow Plaintiffs to ascertain the identities of the Defendants. On September 6, 2008, Defendants Doe Nos. 13, 16, 17 and 19 moved to intervene in order to prevent NC State from complying with the subpoena. This Court held a hearing on the matter on September 11, 2008. Since that hearing, Plaintiffs have filed notice of voluntary dismissal relating to Defendant Doe Nos. 16, 17 and 19. Accordingly, this Court now proceeds with Defendant Doe No. 13's Motion to Intervene.

### DISCUSSION

In order to prevail in their motions to intervene as of right under Rule 24(a), the would-be intervenor must show that 1) motions are timely; 2) they possess a "direct and substantial interest" in the subject matter of the litigation; 3) the denial of intervention would significantly impair or impede their ability to protect their interests; and 4) their interests are not adequately protected by the existing parties. *Richman v. First Woman's Bank*, 104 F.3d 654, 658–659 (4th Cir.1997); see also *Scardelletti v. Debarr*, 265 F.3d 195, 202 (4th Cir.2001). "[A] would-be intervenor bears the burden of demonstrat-ing to the court a right to intervene," and must prove each element in order for a court to grant intervention as of right. *Richman*, 104 F.3d at 658; see also *United Guar. Residential Ins. Co. v. Philadelphia Sav. Fund Soc.*, 819 F.2d 473, 474 (4th Cir.1987).

The Supreme Court has indicated that Rule 24(a)(2) requires that a "significantly protectable interest" be at risk. *Donaldson v. United States*, 400 U.S. 517, 531, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971). The Fourth Circuit has allowed intervention when a party "stand[s] to gain or lose by the direct legal operation of the district court's judgment" in the underlying action. *Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir.1991).

In the instant case, Defendant Doe No. 13 ("Defendant") contends that the First Amendment right to anonymous communications over the internet constitutes a "significantly protectable interest" warranting intervention in the instant action. *Donaldson*, 400 U.S. at 531, 91 S.Ct. 534. This Court, like other courts, understands that while a person using the internet to distribute or download copyrighted music without authorization engages in the exercise of speech, the First Amendment does not protect that person's identity from disclosure, *e.g., Interscope Records v. Does*, 558 F.Supp.2d 1176, 1179 (D.Kan.2008)(denying defendants' motion to squash subpoena on university seeking information that would allow plaintiffs to ascertain defendants' identities on grounds that First Amendment privacy protections did not permit copyright infringement); *UMG Recordings, Inc. v. Does*, 2006 WL 1343597, *2, 2006 U.S. Dist. LEXIS 32821, *7 (N.D.Cal. 2006); *Elektra Entm't Group, Inc. v. Does 1–9*, 2004 U.S. Dist. LEXIS 23560, *7 (S.D.N.Y. 2004). *Sony Music Entm't Inc. v. Does 1–40*, 326 F.Supp.2d 556, 564–565 (S.D.N.Y. 2004). Likewise, and more generally, the Supreme Court has held the First Amendment does not protect copyright infringement. *Sony*, 326 F.Supp.2d at 563 (citing *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 555–56, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985)).

Further, even if Defendant were allowed to intervene and moved to quash the subpoena

at issue, this Court would deny such a motion recognizing the First Amendment would not protect Defendant's identity from disclosure. In making such a determination, the Court would consider the following factors: (1) plaintiff's prima facie showing of copyright infringement, (2) the sufficiently specific nature of the discovery request, (3) the fact that Plaintiffs have no other means to obtain the subpoenaed information, (4) the necessity for such information to advance Plaintiff's action, namely in order to complete service of process, and (5) the low expectation of privacy Defendant had in using a internet server provided through a large university. *Sony*, 326 F.Supp.2d at 565–66. In any event, such considerations are moot in light of Defendant's failure to demonstrate a "significantly protectable interest" to warrant intervention pursuant to FED.R.CIV.P. 24(a)(2). *Donaldson*, 400 U.S. at 531, 91 S.Ct. 534.

## CONCLUSION

Accordingly, the Defendant's Motion to Intervene is DENIED. Consequently, Defendant Doe No. 13's pending Motions to Dismiss or to Sever for Improper Joinder and to Stay Enforcement of Subpoena are MOOT.

SO ORDERED