EVANSTON INSURANCE
COMPANY, Plaintiff,

v.

G & T FABRICATORS, INC. and
Gary Spec, Defendants,

v.

Allied Terminals, Inc., Intervenor.

No. 709–CV–22–FL.

United States District Court,
E.D. North Carolina,
Southern Division.

Oct. 2, 2009.

Kenan G. Loomis, Cozen O'Connor, Atlanta, GA, for Plaintiff.

Andrew J. Hanley, Crossley McIntosh Collier Hanley & Edes, PLLC, Wilmington, NC, for Defendants.

David P. Ferrell, Vandeventer Black, LLP, Raleigh, NC, for Intervenor.

## ORDER

LOUISE W. FLANAGAN, Chief Judge.

This case comes now before the court upon motion to dismiss by defendants G & T Fabricators, Inc. ("G & T") and Gary Spec ("Spec") (DE #7), and motion to intervene by Allied Terminals, Inc. ("Allied") (DE #20). Both motions are ripe for ruling and, in part, raise corresponding issues for consideration. For the reasons set forth below, the motion to dismiss is denied and the motion to intervene, to which no response has been filed, is granted.

## STATEMENT OF THE CASE

On November 12, 2008, according to the pleadings, a tank containing liquid fertilizer upon which defendants had worked collapsed, releasing approximately 2,000,000 gallons of the fertilizer onto Allied's property. This declaratory judgment action arises out of two commercial general liability policies issued by plaintiff to defendant G & T under which defendant Spec is also insured. Plaintiff contends the policies should be rescinded due to material misrepresentations made on the insurance applications. It also contends there is no coverage under the policies for the chemical spill that occurred on Allied's premises.

Defendants, on various grounds, seek dismissal of the action. Notably, defendants argue this case should be dismissed because the joinder of Allied is necessary to fully adjudicate the claims and to prevent numerous and inconsistent judgments regarding this matter. It appears that on July 24, 2009, Allied filed suit against defendant G & T in the Circuit Court for the City of Chesapeake, Virginia, alleging breach of contract and breach of express and implied warranties. On August 7, 2009, Allied filed a motion to intervene in this proceeding as a matter of right.

Allied asserts that it has an interest in the outcome of this matter as defendant G & T is a small company with limited assets and Allied will look to G & T's insurance coverage for satisfaction of any potential judgment against defendant G & T in the current action in Virginia state court, as well as recovery for any other claims made against Allied as a result of the November 12, 2008 spill.

Allied's ability to protect its interest would be impaired or impeded, it contends, if Allied is not allowed to intervene in this action. Also, it is asserted, Allied's interest is not adequately represented by the existing parties to this action. There appears no protest in the form of any responsive filing to the effort mounted by Allied now to intervene, aligned with defendants.

Pursuant to the case management order, by December 18, 2009, discovery must be completed, by January 18, 2010, dispositive motions are due, and a jury trial is set to begin during the court's May 2010 term.

## DISCUSSION

I. Motion to Dismiss

█ Defendants move to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to join a necessary

party. FED.R.CIV.P. 12(b)(1), 12(b)(2), 12(b)(7). Defendants argue there is no diversity because the application for insurance was accepted by plaintiff's agent, who, under North Carolina law, is deemed to be acting on behalf of the insurer when issuing the policy. Defendants argue this agent is a necessary party who was omitted from the action to allow diversity. Once this agent is joined, according to defendants, there will be no diversity.

■ This argument does not ring true in the circumstances presented. As plaintiff asserts in response, defendants' argument must fail for two reasons. First, generally, an insurance agent is neither a necessary nor an indispensable party to either a rescission or coverage action such as this one. *See Milligan v. Anderson*, 522 F.2d 1202, 1205 (10th Cir.1975). Second, plaintiff's agent is a North Carolina corporation; even if it were named as a defendant, diversity jurisdiction would still exist. Plaintiff is an Illinois corporation. Thus, complete diversity exists.

■ Defendants repeat their argument that joinder of the necessary party would defeat diversity in arguing there is no personal jurisdiction. For corresponding reasons this argument also fails. Moreover, defendants were personally served with the complaint in North Carolina. Personal service of process within the state results in *in personam* jurisdiction. *See Burnham v. Superior Court of California, County of Marin*, 495 U.S. 604, 618–19, 110 S.Ct. 2105, 2115–16, 109 L.Ed.2d 631 (1990). This, in all these parts, the motion to dismiss is denied.

Defendants also argue that the sole ground for rescission of the policy is the failure of Plaintiff's agent to correctly fill in the risk form, and thus, the agent is a necessary party. Defendants argue, too, in support of their motion, that a declaratory judgment would adversely affect the rights of other parties. Defendants cite case law standing for the proposition that an injured party is a necessary party in a declaratory judgment action brought by an insurer against the insured regarding the insured's obligation to provide coverage. Conversely, plaintiff cites numerous cases holding that an insurance broker is not a necessary nor an indispensable party to this type of action. The court need not reach this part of the motion to dismiss on its merits. This remaining part is denied as moot in light of the court's decision that Allied should be and is allowed to intervene.

## II. Motion to Intervene

Allied moves to intervene as a matter of right under Federal Rule of Civil Procedure 24(a)(2). The Fourth Circuit has held intervention as a matter of right should be granted where the movant can "demonstrate (1) an interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the applicant's interest is not adequately represented by existing parties to the litigation." *Teague v. Bakker*, 931 F.2d 259, 260–61 (4th Cir.1991).

■ The first and second elements pose little challenge to Allied's motion. Other courts have disagreed "whether an interest that is contingent upon the outcome of other pending litigation" satisfies the first element of intervention as a matter of right, but in *Teague* the Fourth Circuit concluded that "intervention is not contingent upon prior resolution of the underlying claim." *The Continental Ins. Co. v. The Law Office of Thomas J. Walker*, 171 F.R.D. 183, 186 (D.Md.1997). Similarly, Allied's concern that its interest in recovering from G & T's insurer in its Virginia state court action would be impaired if Allied were not allowed to intervene is a practical impairment sufficient to satisfy the second element.

Though Allied may be able to satisfy the third element of Rule 24(a)(2) by proving its interests are not adequately represented by the existing parties, the court need not reach this issue. Rather, the court grants Allied's motion to intervene under Rule 24(b)(1)(B). This rule allows the court, in its discretion, to grant permissive intervention when a party "has a claim or defense that shares with the main action a common question of law or

fact." FED.R.CIV.P. 24(b)(1)(B). Allied argues that defendants' financial constraints hinder their ability to fully defend the present action. It is at least conceivable that Allied's purported lack of such constraints could motivate Allied to mount a more vigorous defense than the current defendants. The possibility that this difference in vigor and resources could uncover a meritorious argument overlooked by the current defendants justifies the potential burden of having an additional party in litigation. The court exercises its discretion and allows Allied to take part in this case. *See Ohio River Valley Envtl. Coal., Inc. v. Salazar,* No. 3:09–0149, 2009 WL 1734420, at *1 (S.D.W.Va. June 18, 2009) ("Rather than constructing an interpretation of what it means to 'adequately represent' an interest, the Court exercises its discretion and permits WVDEP to intervene pursuant to Rule [24(b)(1)(B) ].").

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss is DENIED. Allied's motion to intervene is GRANTED. Allied is granted leave to file an answer or other responsive pleadings within fifteen (15) days from the date of entry of this order. Within twenty-one (21) days thereafter, the parties shall submit a second joint report and plan addressing the schedule of the case, where it appears the discovery and motions schedule now in effect may not meet the case needs in light of the intervention now of Allied. If no report and plan is filed, all dates and deadlines previously ordered shall remain in force and effect.